## M'Kinstry *against* Pearsall.

ALBANY,
August, 1808.

M'Kinstry
v.
Pearsall.

THIS was an action of *assumpsit*. The declaration contained a count for 50 barrels of beef, sold and delivered ; a count for goods sold generally, and the general money counts. Plea *non-assumpsit*.

The cause was tried at the *Columbia* circuit, in *October*, 1807.

The plaintiff gave in evidence a paper, signed by the defendant in the words and figures following :

" Received of captain *E. Smith*, 50 barrels of provisions, for account of *David M'Kinstry.*

" *Robert Pearsall.*

" 5th *December*, 1803."

The defendant then proved by his clerk, that in *November*, 1803, the plaintiff called to settle a debt which he owed to the defendant, as one of the executors of *S. Bowne ;* and the plaintiff, upon that occasion, told the defendant, that he had provisions, which he would leave with the defendant to sell, but wished him to keep them for a higher market, and thereupon the provisions mentioned in the receipt, were sent to the defendant.

The witness further testified, that *Pearsall* never received provisions, except to sell on commission ; that this was his uniform custom ; that the provisions in question were sold in *July* following, at a credit of 60 days, to *Allison & Giger*, who were then in good credit ; that their note for these and other provisions, amounting to 530 dollars, indorsed by the defendant, was discounted at the bank ; that the purchasers failed before the note fell due ; that *M'Kinstry* was informed of this in the autumn of 1804 ; and that the provisions had made a bad debt. The note was protested for non-payment, and was taken up by the defendant.

The sale of the provisions, and the taking the note, &c. were in the usual course of mercantile business, in cases of this kind.

P. gave the following receipt to the master of a vessel for goods : " Received of capt. *E. Smith*, 50 barrels of provisions, on account of *David C. M'Kinstry*, 5th *December*, 1803." In an action bro't by *M'Kinstry* against P. for goods sold and delivered, it was held, that the receipt was not evidence of a sale of the provisions ; nor that they were received on an account due from *M'Kinstry ;* but rather to sell on commission, in the usual course of business ; and that parol evidence was admissible to show that the provisions were in fact received, to sell on commission, and so far to explain the written receipt.

ALBANY,
August, 1808.

M'Kinstry
v.
Pearsall.

On the 16th *April*, 1805, *M'Kinstry* wrote to *Pearsall* as follows : " You will be so obliging as to inform me what my provisions, left in your hands last autumn, sold for, in order that I may make some arrangements to settle my accounts. I have satisfied Messrs. *Hosmer &* *Rodman*, respecting the demands the estate of *S. Bowne* had against me."

All the evidence offered by the defendant, was objected to, and the judge thought it improper, but allowed it to be given, *de bene esse*.

The judge charged the jury that upon the declaration, and evidence, the plaintiff was entitled to recover, and the jury found a verdict for the plaintiff, accordingly.

A motion was now made to set aside the verdict.

1. Because it was against evidence.

2. For the misdirection of the judge.

*Hopkins*, for the defendant.

*E. Williams*, contra.

SPENCER, J. delivered the opinion of the court. If the receipt had been in terms more explicit than it is, it would be open to explanation ; I mean that kind of explanation not directly contradictory to, but consistent with it.* With respect to papers of this kind, the courts have permitted the party to show mistake, fraud, and imposition, in obtaining them. It is necessary, in this case to go so far, as the receipt itself is perfectly equivocal ; and from the mere reading of it, no one could say whether the provisions were received to go on an account held by the defendant against the plaintiff, or whether the defendant meant only to acknowledge that though the provisions were received from captain *Smith*, they were received by the defendant for safe keeping, *for* or *on* account of *David* *M'Instry*. I should understand the receipt to import the latter, for several reasons ; because there is no sum mentioned at which they were received, and because, *for* *account* denotes with more propriety, the ownership of the property, rather than that they were received on an account against him.

* *Peake's Ev.* 117, 118. 8 *Term Rep.* 379.

Being clearly of opinion, that the evidence offered, did not contradict the receipt, and that it was admissible, I think that the defendant has fully exonerated himself from any liability, by showing, that he received the provisions to sell, as a commission merchant; that they were sold on credit, and to a house of credit; and that, by the failure of that house before the note fell due, he has recovered nothing from them ; and that this was in the usual course of mercantile business.

We are, therefore, of opinion, that the defendant is entitled to a new trial, with costs to abide the event of the suit.

THOMPSON, J. not having heard the argument of the cause, gave no opinion.

New trial granted.