Palmerton *v.* Huxford.

PALMERTON *vs.* HUXFORD.

Where the plaintiff, on the trial, proved an account of $80 against the defendant, who produced the plaintiff's receipt in full; and it was proved that the defendant, having denied the accuracy of the plaintiff's account, offered forty dollars as a full settlement, which the plaintiff received and gave the receipt; the jury having found that the defendant disputed the claim in good faith; *held* a binding accord and satisfaction.

Where the plaintiff, having an account against the defendant, which was disputed by the latter to the knowledge of the plaintiff, entrusted a receipt in full to an agent, who delivered the receipt to the defendant, on being paid a part of the amount claimed, which money the plaintiff received from the agent, and then sued the defendant to recover the balance; *held* that the plaintiff, by receiving the money, ratified the act of his agent in delivering the receipt.

ERROR to the Saratoga common pleas, where the cause was tried on an appeal from a justice's court, Palmerton being the plaintiff and Huxford the defendant. The suit was on an account for butcher's meat, delivered prior to the 24th August, 1844, except as to the sum of 84 cents, which was delivered after that date. The account amounted to about eighty-two dollars, and the plaintiff proved the delivery of the meat charged in the account with the exception of an amount of four or five dollars.

The defendant produced and proved a receipt signed by the plaintiff in these words: "Received, Aug. 24, 1844, of T. W. Huxford [the defendant] forty dollars in full of all demands of every name and nature, up to and including date. Witness, Thomas G. Young. Miles Palmerton." Young, the subscribing witness, was examined on the part of the defendant, and testified that the day before the receipt was dated he called on the defendant by plaintiff's direction to obtain payment of the account. The defendant insisted that more meat was charged for than had been delivered, and offered to pay forty dollars in full, but would not pay any more. The witness went back to the plaintiff and was sent by him to the defendant again to persuade him to pay more, but the defendant persisted in his

Palmerton *v.* Huxford.

refusal, and the witness went again to the plaintiff, and then drew the receipt produced, which the plaintiff signed, and the witness attested. The witness went to the defendant again and gave him the receipt and received from him the forty dollars, which the witness carried and gave to the plaintiff; and, the witness said he received it without objection. There was evidence showing that when Young left the plaintiff to go to the defendant the last time, he was told by the plaintiff not to give up the receipt upon the payment of forty dollars, and that when Young returned and gave the plaintiff the money, the latter said he received it on account and not in full payment.

The court charged the jury that if the defendant honestly disputed the correctness of the plaintiff's account, that circumstance rendered the transaction a good accord and satisfaction; otherwise the principle was that the receipt of a less sum did not discharge a debt for a greater amount; and that the plaintiff, by receiving the forty dollars which had been given to Young on his delivering the receipt to the defendant, ratified that act. The plaintiff excepted, and the jury gave a verdict in his favor for only the small account accruing after the date of the receipt. The common pleas rendered a judgment on the verdict and the plaintiff brought error.

*J. Brotherson,* for the plaintiff in error.

*A. Meeker,* for the defendant in error.

*By the Court,* JEWETT, J. It is well settled that the payment of a less sum, after a specific debt is due, in satisfaction of the debt, is not good, by way of accord and satisfaction, but that doctrine is not involved in this case. The rule referred to applies only in a case where there is no dispute as to the existence of the debt, where the sum due is conceded. It has never been applied to the adjustment of a disputed claim, by the payment of less than was demanded, where the parties, after considering the matter in dispute, had agreed upon the sum as rightfully due from one to the other, and the party owing had paid such sum to the

party to whom it was due.   In that case I apprehend the parties have always been held concluded as to the amount.   Upon the principles applicable to an account stated, such payment has always been considered an absolute bar to all the claims so considered, agreed upon and settled.

There is no ground to say that the plaintiff was not bound by the acts of Young, his agent, on the ground that he exceeded his authority.   I think the jury would have been fully warranted in finding that the agent pursued his authority strictly ; that the evidence, correctly appreciated, shows that the plaintiff meant and intended his agent should settle his claim at $40, if the defendant persisted in refusing to settle on better terms.   At all events, the receipt by the plaintiff of the money, was a full and complete ratification of the acts of Young, as the plaintiff, when it was paid him, had full information of what had been done.

Judgment affirmed.