By the Court,
Monell, J.
I think that, if the jury had found a delivery of $400 worth of goods by the defendant, and their acceptance by the plaintiff, and that they were delivered and accepted in satisfaction, their verdict could be sustained. The defendant testified that such delivery was in full of all commissions to January 4,1865; against him, (defendant,) French and Conversethat the plaintiff agreed to accept it, on the *280 6 th of J anuary, in full satisfaction; and that he took the hardware on the 9th of January. He stated that the transaction, which originated this suit," was included, and it was principally on account of such transaction that he made the compromise, to prevent difficulty. He further testified that he refused to pay five per cent commission, and told the plaintiff if he claimed such commission, he, (the plaintiff,) would abandon the sale. Mr. Pierson testified that he was in the defendant’s office when the plaintiff came in ; that there had been a former sale, and there appeared to be some misunderstanding between them. He stated that the plaintiff called him up and said: “ Mr. Gaffney and I have come to an agreement. I am to give him $400 worth of goods in settlement of the whole concern.” The defendant assented to it, and subsequently took the goods. The plaintiff, who was examined on his own behalf, did not contradict the statement of the defendant, or of Pierson, and such statement was, in part, also corroborated by Smith, another of the defendant’s witnesses. The only evidence in opposition was the testimony of John W. Schroeder, who testified fhat he was a partner of the plaintiff in the first sale, and that the goods were got on that sale.
If, therefore, the evidence furnished by the defendant was to be credited, it established that the goods were received by the plaintiff in payment and satisfaction of his claim.
The instruction given by the learned justice to the jury, excluded, I think, from their consideration the evidence tending to establish the defense. He seems to have supposed that this was a case of the receipt of a less sum of money for a larger sum conceded to be due, and, therefore, no bar to the recovery of the remainder. Any sum less than the whole sum due, is not a satisfaction. But, in this case, the defendant agreed to deliver, and the plaintiff to receive, a certain quantity of goods, of the value of $400, as payment of his claim, and did receive them. It was, therefore, a payment and satisfaction of the claim.
The defendant’s counsel had gsked the court to charge the jury that, if the plaintiff agreed to accept from the defendant *281 $400, in full of all demands against him, it was a valid agreement, and constituted a bar to the action. The justice refused so to charge. It does not distinctly appear whether the exception was to the refusal to charge, or to the charge itself. If to the request, I think it was not well taken. A mere agreement to accept a less sum in satisfaction, is not a bar, unless such less sum has been received and accepted. The charge, however, left the jury no alternative. The evidence authorized their finding that the defendant was indebted in a sum greater than $400, and they were told, if they so found, the acceptance of such sum was no bar. . In short, the jury were prevented from finding that the $400 worth of goods, received by the plaintiff, were so received by him upon a compromise, and in- settlement of a disputed claim.
That question ought, I think, to have been left to the jury, and not taken from them. The difficulty, as regards the exception, is obviated by the appeal from the order made at special term, denying a motion for a new trial. Such motion was made on a case,'and we can now look into the whole case for the purpose of correcting any errors.
I am of opinion that justice requires that the order denying the motion for a new trial should be reversed, and a new trial granted, with costs to abide the event. The judgment to be vacated only upon payment of the costs of the appeal from it.
McCunn, J., concurred.
Robertsoh, Oh. J.
I am not prepared to hold that the acceptance of a less sum of money in satisfaction of a larger debt, will operate as such, even although accompanied by a dispute as to the amount due, unless as a liquidation of an open and unsettled account, whose items are disputed, or an agreement to fix the indeterminate vqlue of services rendered or materials furnished. I fully concur in the rest of the views taken by my brethren.