Brooks *v.* Moore.

judgment and execution will be set aside, with $10 costs to the plaintiff.(*a*)

Order accordingly.

— • • • —

## BROOKS *vs.* MOORE.

Where the evidence is conflicting, if there is some evidence in support of the verdict, which the jury were authorized to credit, their verdict is conclusive upon the court, on a motion to set it aside.

It is the province of the jury to weigh and determine conflicting evidence; and the court has no right to set aside such verdict as determines in favor of one side or the other represented in such conflict.

An agreement to receive a sum less than an admitted debt, and the receiving of such sum, is not a good accord and satisfaction.

But if there is a *bona fide* dispute as to the sum actually due, or a *bona fide* doubt or controversy as to whether any thing is due, then an accord and satisfaction, or, more properly speaking, a compromise, may be established and held binding, although there is a payment of a sum less than was claimed by the creditor, or even a sum less than, by an actual computation, might be found due to the creditor.

MOTION for a new trial, on a verdict for the defendant, rendered at the circuit in Lewis county.

The action was to recover a balance of $1,056.04 alleged to remain unpaid on two promissory notes.

The defence was satisfaction by way of property agreed to be accepted, and accepted in payment of these two notes, as well as thirty-six others which were held by the plaintiff against the defendant.

*James F. Starbuck* and *H. E. Turner*, for the motion.

*George W. Smith*, opposed.

HARDIN, J.    There was a question of fact for the jury, in this case, and their finding either way would have been justified by the evidence in the action.

The plaintiff alleged, and testified, that the property was to be taken and applied on the indebtedness of the defendant, at stated prices — as far as the property, at those prices, would pay the indebtedness; and that the balance of the indebtedness should be paid by the defendant, or the payment secured by other property.

The defendant alleged and testified that the plaintiff agreed to receive the property, covered by the written contract between them (except one house and lot reserved by the defendant), as payment of the whole indebtedness.

That question of fact between the parties was submitted to the jury, and the charge of the court called the attention of the jury to the difference between the parties in respect to what the agreement was, and instructed the jury that, if the agreement was found as the plaintiff claimed it to be and testified, then the plaintiff was entitled to a verdict for the balance of the two notes stated in his complaint.

The jury was also instructed that if they found the agreement to be as stated in the evidence of the defendant, then the defendant was entitled to their verdict.

If the question of fact could be considered, as an original question by the court, a conclusion might be reached adverse to that found by the jury.  (7 *Wend.*, 384.)  But there having been some evidence in support of the verdict, which the jury was authorized to credit, their verdict is conclusive here.  (*Morse* v. *Sherrill*, 63 *Barb.*, 21.)

It was correctly stated by the learned counsel, upon the argument of this motion, that an agreement to receive a sum less than an admitted debt, and the receiving such sum, is not a good accord and satisfaction.  (48 *N. Y.*, 204; 48 *id.*, 227–8, *and cases cited.  4 Denio,*

Brooks *v.* Moore.

166. 4 *Rob.*, 275. 5 *id.*, 1. 9 *J. R.*, 333. 31 *N. Y.*, 498. 46 *Barb.*, 37. 44 *N. Y.*, 204.)

But if there is a *bona fide* dispute as to the sum actually due, or a *bona fide* doubt or controversy as to whether anything is due, then an accord and satisfaction, or more properly speaking a compromise, may be established and held binding, although there is a payment of a sum less than was claimed by the creditor, or even a sum less than by an actual computation might be found due to the creditor. (4 *Denio*, 166. *Id.*, 189. *Farmers' Bank of Amsterdam* v. *Blair*, 44 *Barb.*, 652.) In the case last cited BOCKES, J., says: "In such cases it is not admissible to go behind the settlement with a view to determine which of the parties was right. Compromises are to be encouraged, because they promote peace, and where there is no fraud, and the parties meet on equal terms and adjust their differences, the court will not *overlook* the *compromise*, but will *hold the parties* concluded by the settlement." (*See* 37 *Barb.*, 153; 25 *id.*, 253; 14 *id.*, 690.)

In this case there was no *dispute* as to the indebtedness held by the plaintiff at the time of the agreement, in April, 1872, with the defendant. The question, therefore, to be submitted to the jury was in respect to the difference between the parties, in respect to how the property received by the plaintiff was agreed to be taken, and how it was actually taken. If it was to be taken at stated and agreed prices, then its application would be as so much money, and it would pay only such sum as the stated and agreed prices would aggregate, and the balance between the agreed price, and the total debt would not be paid by it.

But the defendant states that the actual agreement made between the parties, after considerable "talk," or negotiation as to values, was that the property should be surrendered by him (except the one house and lot) in full for his entire indebtedness to the plaintiff. The plaintiff

---
Brooks *v.* Moore.
---

disputes that evidence, and some of the circumstances support the plaintiff's version. So, too, some of the circumstances support the version given by the defendant. The jury have found for the defendant, and a careful reading of the evidence does not permit the court to say that the evidence is insufficient to support the verdict. (63 *Barb.*, 21. *Code*, § 264.)

There was no exception taken upon the trial. The charge stated, in brief language, the question for the jury, and laid down the law in accordance with the principles of the cases, though not as fully as might be proper to state in a written opinion in respect thereto; there is no ground stated in the charge, as to the law, which is erroneous, or indefinite to the extent that would permit the court, in the absence of any exception, to set aside the verdict, without doing violence to the rules which govern the court in respect to such motions. (*See opinion of* POTTER, J., 63 *Barb.*, 21.)

The case was very carefully and thoroughly tried by the learned counsel of the plaintiff, and by him fully discussed before the jury, and the evidence was considered by the jury, and their verdict is conclusive here.

It is the province of the jury to weigh and *determine conflicting evidence;* and the court has no right to set aside such verdict as determines in favor of one side or the other represented in such *conflict.* (*Stafford* v. *Leamy*, 43 *How.*, 40.)

The motion for a new trial must be denied, with $10 costs, and a copy of this opinion served upon plaintiff's attorney.

[LEWIS SPECIAL TERM, November, 1872. *Hardin*, Justice.]