Williams agt. Irving.

# SUPREME COURT.

## JOSEPH WILLIAMS agt. JAMES IRVING.

*Settlement of a judgment — by agreement to take a less sum.*

It has long been settled that a plea of the payment of a less sum than is admitted to be due, cannot be held good as an accord and satisfaction.

And the payment of a lesser sum than is admitted to be due does not preclude a recovery of the balance, though the payment is evidenced by a receipt expressing payment to be made in full of all demands.

But, if there has been a *bona fide* dispute between the parties as to their rights, and they agree upon a sum to be paid, and the same is paid, this will bind the parties; not, however, upon the principle of accord and satisfaction, but upon the principle that the parties have ascertained their rights and effected a settlement upon the basis of such rights.

Where the judgment of over $14,000, taken by default against the defendant, having stood for over eight years, when defendant was brought up on an order for examination in favor of the plaintiff, and an interview was had between the parties, and a dispute about the judgment, the defendant denied that he owed the plaintiff a cent; that if any such judgment was recovered, it was "a snap judgment and a fraud;" the plaintiff asserted the contrary, and, after such dispute, the defendant stated that rather than have any controversy or further dispute as to such judgment, or any demands of the plaintiff, he would pay the plaintiff $1,000, and plaintiff finally consented to accept "said $1,000 in settlement, satisfaction and discharge of the judgment and all demands :"

*Held*, the evidence being overwhelming in favor of the defendant of such facts, that this was a compromise, and the agreement seemed to have been deliberately made, and the money accepted by the plaintiff for peace; hence the defendant was entitled to an order setting aside the supplementary proceedings; and declaring the judgment discharged, and that the same has been compromised and settled.

*New York Special Term, February,* 1873.

MOTION by the defendant to be relieved from a judgment of $14,449.11, entered in favor of plaintiff July 19, 1862.

Upon the 29th of January, 1873, justice BURRETT granted an order for the defendant to appear and be examined.

The defendant in his affidavit alleges that he and the plaintiff in June, 1870, at the Astor House, had an interview, in which the plaintiff asserted he had recovered a judgment for $14,000 against the defendant. That the defendant *denied* it; avowod he did not owe the plaintiff a cent; that if any such judgment was ever obtained it "was a snap judgment and a fraud." That, after such dispute, the defendant, in said interview, stated that rather than have any controversy or further dispute, as to such judgment or any demands of the plaintiff, he would pay the plaintiff $1,000, and that the plaintiff finally consented to accept "said $1,000 in settlement, satisfaction and discharge of the judgment and all demands."

The affidavit of the defendant is supported by that of James Brown, Marcus Hanlon, John W. Irving, fully sustaining the defendant, as to the interview and what took place there between the parties as to the dispute and payment of the $1,000. The plaintiff's affidavit denies the statement in respect to said interview and payment; also, states the recovery of the judgment and the consideration thereof. There is also produced an affidavit of the person who served the summons, upon which the judgment was entered by default; and it is stated in behalf of the plaintiff, that in 1868 he became bankrupt, and that the judgment passed to his assignee who assigned it to Harvey C. Williams, *the son* of the plaintiff.

There is no proof *of any notice* to the defendant of either of said assignments.

*Garvin, Fellows & Brooke*, for motion.

*Thos. Stevenson*, for plaintiff opposed.

HARDIN, *J.* — The proof is so overwhelmingly in favor of the defendant's version of the alleged interview at the Astor

House in June, 1870, that it must be accepted and acted upon in disposing of this motion.

The counsel of the plaintiff was so far moved by it as to admit his willingness to credit the $1,000 alleged to have been paid upon the judgment, but insisted, as a matter of law, that no greater effect could be given to the facts stated in the moving papers.

The learned counsel for the plaintiff argues that the defendant is not at liberty to insist that the payment of a thousand dollars is good defense to any further claim upon the judgment, and to have the same held good as an accord and satisfaction.

His position is borne out by the case of *Mitchell* agt. *Hawley* (4 *Denio*, 414), so far as the counsel insists that it is not technically a good "accord and satisfaction" by the obiter parts of the opinion in that case.

Nor could such payment and the agreement made upon receiving it operate by way of a release. There was no writing under seal, and, therefore, no technical release.

It has long been settled that a plea of the payment of a less sum than is admitted to be due cannot be held good as an accord and satisfaction (*Walkinson* agt. *Inglesby*, 5 *John. R.*, 390; *Strang* agt. *Holmes*, 7 *Cowen*, 224; *Palmerton* agt. *Hexford*, 4 *Denio*, 166; *Stewart* agt. *Ahrenfeldt*, 4 *Denio*, 189; *Taylor* agt. *Nussbaum*, *Duer*, 309; *Ryan* agt. *Ward*, 48 *N. Y.*, 204; *Bunge* agt. *Koop*, 48 *N. Y.*, 225).

In *Ryan* agt. *Ward* (*supra*) it was held that the payment of a lesser sum than was admitted to be due does not preclude a recovery of the balance, though the payment was evidenced by a receipt expressing payment to have been made in full of all demands.

In *Foresch* agt. *Blackwell* (14 *Barb.*, 608) judge MARVIN quotes the principle already stated, and adds: "The contract to accept a part performance does not rest upon a good

consideration. The debtor was already bound to do all and more than he was to do, and did do under the new contract."

If there was a *bona fide* dispute between the parties as to their rights, and they agree upon a sum to be paid, and the sum is paid, this will bind the parties; not, however, upon the principle of accord and satisfaction, but upon the principle that the parties " *have ascertained* their rights and effected a settlement upon the basis of such right " (4 *Denio*, 166 ; 14 *Barb.*, 609).

In order to uphold such an agreement there must exist some doubt or dispute in respect to the demand which is the subject of the agreement (*Dolcher* agt. *Fry*, 37 *Barb.*, 158–159).

BOCKES, J., in *Farmers' Bank* agt. *Blair* (44 *Barb.*, 652), says : " In such case it is not admissible to go behind the compromise with a view to determine which of the parties was right. Compromises are to be encouraged because they promote peace ; and where there is no fraud, and the parties meet upon equal terms, and *adjust* their differences, the court will not overlook the compromise, but will hold the parties concluded by the settlement."

In this case, the judgment had been taken upon a default, and had stood eight years, and the defendant disputed the existence thereof, and insisted that he did not owe the plaintiff a cent, and that if any such judgment existed, "it was a snap judgment and a fraud ;" and although the plaintiff maintained in the dispute the contrary, he finally acquiesced in the offer of the defendant, and concluded to accept and did accept $1,000, to avoid further controversy, and then and there deliberately agreed with the defendant to compromise. The agreement seems to have been deliberately made for peace, and certainly, taking as true the defendant's statement, the money was paid to produce a settlement (25 *Barb.*, 253).

There was doubt, dispute, a peace offering, under a promise to accept it in discharge of all demands, in discharge of the judgment herein. The acceptance, under the agreement, was

essential to give full effect to the payment of the money. The *acceptance wanting*, the agreement would be inoperative (*Tillou* agt. *Olcott*, 16 *Barb.*, 598).

The agreement to receive, the paying, and the acceptance in full compromise of the judgment, stand established here by the defendant's proofs, and effect must be given to them (*Keeler* agt. *Salisbury*, 33 *N. Y.*, 648).

It was claimed that the settlement of June, 1870, should not be held good against the present owner of the judgment.

But it appears that the assignment by the plaintiff to his assignee, and by him to the plaintiff's son, the present owner of the judgment, was not known to the defendant. There is no *notice* shown to have been given to the defendant, and he was, therefore, justified in paying or compromising with the plaintiff (*Gibson* agt. *Haggerty*, 37 *N. Y.*, 555).

A judgment is a thing in action, and is, therefore, controlled by section 112 of the Code, which provides that the action by an assignee of a thing in action shall be without prejudice to any defense resting before notice of the assignment. If instead of the proceedings supplemental to execution the son had brought an action on this judgment, the defense might be interposed; but the supplementary proceedings are in the nature of an action in equity, or of a creditor's bill, to enforce the judgment.

But, before the Code, payments upon judgments to the plaintiff, made before *notice of the assignment*, were good and effectual ( *Wardell* agt. *Eden*, 2 *Johnson's Cases, note A, p.* 258; *Laughlin* agt. *Fairbanks*, 8 *Miss.*, 367; *Lampson* agt. *Fletcher*, 1 *Vermont*, 168).

KENT, J., says, in *Wardell* agt. *Eden* (*supra*), "but until the defendant has *notice* of the assignment, all payments made by him and all acts of the plaintiff as to him are good" (1 *Term*, 616; 4 *Term R.*, 340; 1 *John. Cases*, 411; *in the July term of* 1800, *A. D.*).

Special notice of the assignment is unnecessary, if there

are facts shown sufficient to put a party upon inquiry (*Andrews* agt. *Beecker*, 1 *John. Cases*, 411).

In this case there are no facts shown to put the defendant upon inquiry. The settlement and payment and compromise of June, 1870, are as conclusive upon the owner of the judgment as upon the plaintiff, so far as the defendant is concerned (*Huntington* agt. *Potter*, 32 *Barb.*, 304).

Under the prayer for such further and other relief contained in the motion papers, the defendant is entitled to an order for such relief as the facts presented on the motion warrant (*Thompson* agt. *Erie R. R. Co.*, 45 *N. Y.*, 476 ; *People* agt. *Nostrand*, 46 *N. Y.*, 377).

An order may be entered setting aside the supplementary proceedings, and declaring the judgment discharged, and that the same has been compromised and settled.