GREEN v. THE ROCHESTER IRON MANUFACTURING COMPANY,
appellant.

*Contract — Receipt in full — Evidence.*

The plaintiff having a contract with defendant, a corporation, did certain work not embraced in the contract, for which he made a claim of over $4,000. Defendant's president offered plaintiff $1,650 in settlement of the claim, which he accepted, and gave a receipt in full. At the time he asked if he might apply to the full board of defendant's directors for a further allow-ance, and was told he might. *Held*, that the defendant was discharged from liability to plaintiff.

The contradiction to which a receipt is subject is of some fact which is stated in it. The fact of a reservation of a right to apply to the board of directors for a reconsideration of the claim, and a further allowance at their option did not call for the overthrow of the written instrument, but was entirely consistent with it.

Evidence that plaintiff at the time of making the settlement was embarrassed pecuniarily, his workmen threatening to leave him unless paid, the defend-ant not being shown to be responsible therefor, *held* inadmissible.

APPEAL from the order of the special term of Monroe county denying a motion of the defendant for a new trial.

*G. F. Danforth*, for appellant.

*W. F. Cogswell*, for respondent.

TALCOTT, J. The plaintiff had a contract with the defendant for doing certain mason and brick work. During the progress some changes were made in the plans, and the plaintiff made a claim for some $4,000 and upward for extra work. And this suit is brought to recover this claim for extra work, the amount due upon the contract by its terms having been fully paid. The main defense to the action is an accord and satisfaction by the payment of an agreed price in full for such extra work, namely, the sum of $1,650, paid to the plaintiff on his agreement to receive the same in full of all legal claims. There was, so far as appears, a *bona fide* dispute by the defendants as to whether they were bound to pay the plaintiff any thing for what was claimed as extra work, and, at all events, it is not disputed but that whatsoever the plaintiff was entitled to for the extra work was upon a *quantum meruit*. The rule that the

payment of a less sum in satisfaction of a specific debt, after the debt is due, does not extinguish the balance, has no application to a case where the amount claimed by the creditor is unliquidated and in dispute. In the latter case, when a sum is offered and accepted in discharge of all legal claim, and a receipt in full demanded and given, the entire claim is discharged, though it may be shown by the evidence that the creditor would have been entitled to recover more than the amount he received. *Palmerton* v. *Huxford*, 4 Denio, 166; *Wilkinson* v. *Byers*, 1 Adol. & El. 106. And the effect of such a transaction is a question of law and not of fact for the jury. *Vedder* v. *Vedder*, 1 Denio, 257.

If the plaintiff, therefore, although it should be conceded that he might have been able to recover a much larger sum for the extra work did in fact, and without any fraud or imposition on the part of defendant, agree to accept and receive the sum of $1,650, in full discharge of all legal claim for such extra work, and the same was paid to him by the defendant upon such agreement, he can maintain no suit for the recovery of the balance of his original claim.

There remains only the question of fact, whether the plaintiff did agree to receive, and did receive, the sum of $1,650 in full payment of his entire legal claim for this extra work, and upon this the evidence contained in the case seems to be quite clear and conclusive. First, there is the plaintiff's own written receipt and agreement in these words and figures, viz.:

"$1,650.- Received ,Rochester, October 6, 1868, of the Rochester Iron Manufacturing Company, sixteen hundred and fifty dollars in full, to this date, for all extra work at blast furnace, at Charlotte, under his contract.

" EDWARD J. GREEN."

That the plaintiff executed this receipt and received the money deliberately, and with a full understanding of its contents, and with a full explanation by the president of the company of the legal purport and effect of the instrument, is not denied. And that it, in fact, did, and was understood by all parties to, embrace the claim sought to be recovered in this action, is not denied. A receipt, it is true, may be contradicted. But how contradicted ? It is an instrument in writing, and so far forth, as it imports an agreement to accept the sum named in it in full discharge, it is an agreement. *McKinstry* v. *Pearsall*, 3 Johns. 319; *Egleston* v. *Knickerbocker*, 6 Barb. 463; *Creery* v. *Holly*, 14 Wend. 26.

The contradiction to which a receipt is subject is of some fact which is stated in it. The contradiction attempted to be given to the receipt in this case is by the testimony of the plaintiff alone, and by the statement that, at the time of giving this receipt, it was stated to him that, notwithstanding it, he might subsequently present his claim to the board of directors of the company, and have it adjusted and settled. That there was any qualification of the legal effect of the receipt is explicitly denied by the two witnesses who were present at the transaction.

The testimony of the witnesses, Baker, Dana and Jones, is full and explicit, to the effect that it was fully understood and agreed that the receipt was to be a bar to all legal claim. And the testimony of Mr. Dana explains what he understood to have been said concerning any subsequent presentation of the claim to the directors. He states that Green said in substance, " If I sign this receipt I deprive myself of all legal claim that I have." And thereupon Brackett, the president of the company, who had drawn the receipt, said, " Mr. Green, we want you to sign that receipt with the full understanding of the case; if you sign it you bar all legal claim that you have against this company for extra work under your contract." Green says, " I suppose I can present my claim to the full board?" " Certainly," says Mr. Brackett, " so far as that is concerned, and if they choose to allow you any thing more than the $1,650, they can do so, but so far as any legal claim is concerned you bar it by signing this receipt." Green thereupon signed the receipt. The transaction, as related by the other witnesses, is substantially corroborated by the plaintiff's own testimony, who expressly admits that he endeavored to have Mr. Brackett consent to pay the $1,650 on account, but that this was distinctly refused and a receipt in full for the extra work insisted upon, so that it is impossible to believe, upon the plaintiff's own testimony, that the money was paid upon any other condition than that it was to be in full discharge of all legal claims for the extra work, unless the board of directors should afterward see fit to make the plaintiff a further allowance. Taking the receipt, itself, with all the evidence concerning it, we think the instrument, instead of being overthrown, is fully corroborated by the parol evidence, and that it conclusively appears that the money was paid to the plaintiff and received by him, not upon account, but in full payment of his unliquidated and disputed claim. This he had a perfect right to do if he saw fit,

and having done so, the arrangement is binding on him as a matter of law. The fact of a reservation of a right to apply to the board of directors for a reconsideration of the claim, and a further allowance at their option, does not call for the overthrow of the written instrument but is entirely consistent with it.

To allow a transaction thus deliberately consummated· to be set aside by a jury on the idea that it was an improvident arrangement into which the plaintiff was induced to enter by the temporary pressure of his pecuniary necessities, would be to do away with all security in making settlements of disputed claims.

We think, moreover, that the justice on the trial erred in admitting the testimony of the plaintiff, that at the time he gave the receipt he had been notified by the men in his employ that unless paid at that time they should quit work. This, and other evidence of a similar character, was objected to and exception taken to its admission. It was not claimed that the importunities of his employees were instigated or induced by the defendants, or that they were in any way responsible for them; and, although the jury, when such evidence was held to be admissible and proper for their consideration, might perhaps be somewhat excusable in supposing that they might consider it on the question of whether the plaintiff ought not by them to be released from the obligation of his written contract to receive the smaller sum in full discharge of his whole claim, yet, it had no such legal effect or tendency, was wholly immaterial to the legal merits of the case, was calculated to mislead the jury and prejudice the defendant, and the exception to its admission is well taken.

The order denying a new trial must be reversed, and a new trial ordered, costs to abide the event.