PATRICK LOOBY, APPELLANT, *v.* THE VILLAGE OF WEST TROY, RESPONDENT.

*When the receipt of part of a disputed claim bars an action for the residue — when the protest of the party receiving it, is immaterial — when the defendant may rely upon an accord and satisfaction not pleaded.*

Where the owner of a disputed claim against a village, with knowledge of the fact that the board of trustees thereof has passed a resolution directing that a certain sum shall be paid thereon in full and complete settlement and satisfaction of his whole claim, receives the said sum from the chamberlain of the village and signs a receipt stating that the same was received as a full and complete settlement and satisfaction of his claim, his claim is discharged and he cannot thereafter maintain an action against the village to recover the balance thereof.

The fact that he stated at the time of receiving the money that he would not accept it in full payment is immaterial.

When in an action brought upon the claim the plaintiff, as a part of his case, proves the payment and the circumstances under which it was made, the defendant may rely upon the facts as constituting an accord and satisfaction, though it has not pleaded them in its answer as such.

Appeal from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought to recover for services rendered by the plaintiff under a contract with the board of trustees of the defendant, for lighting the streets and furnishing oil for its lamps.

*A. D. Lyon,* for the appellant.

*Galen R. Hitt,* for the respondent.

Learned, P. J.:

By the charter of defendant (chap. 230 of 1850) there was to be a taxpayers' meeting, at which the taxpayers were to direct the trustees to cause to be raised taxes for certain purposes. (Sec. 27.) By another section (37) no officer of the village has power to incur any debt or liability contrary to the act of incorporation; "nor shall any of the money or property of said village be applied to the payment of any such debt or liability, or be liable in any manner to be taken therefor; nor shall said village incur any debt or liability beyond the amount of taxes applicable to the payment of such debts or liabilities which shall have been voted to be raised at the annual meeting," etc.

At a meeting of the taxpayers August 29, 1878, the sum of $4,990 was voted for lighting gas and oil lamps for the ensuing year. This vote was certified to the board of trustees September 4, 1878, and they, on that day, directed the levy of a tax for that amount. At the same time they authorized the lamp and gas committee to enter into contracts with competent parties to light the streets, etc. On the tenth of October this committee made a contract with plaintiff to furnish the oil, etc., for the public oil lamps, for seven months, at a certain rate therein specified. Another contract was at the same time made in regard to the gas lamps for the same time; and still another for cleaning the same and repairing.

The plaintiff seeks to recover for services performed under the contract. The referee reported in favor of the defendant on the ground that the three contracts were for a greater sum than $4,990, and also on the ground of an accord and satisfaction.

The plaintiff takes an objection to the admission of the resolution of the board of trustees of July 15, 1879. The answer to this is that the plaintiff had previously given in evidence the minutes of the board for 1878 and 1879. The plaintiff also objects to the exclusion of evidence tending to show that of the three contracts made apparently on the same day, the plaintiff's was signed first. Of course if that was a material matter it could properly have been proved by evidence outside the contract itself. We shall have to inquire whether it was material. The plaintiff also insists that there was no evidence that anything had been earned or done under any one of the contracts, except the plaintiff's, and therefore that, so far as appears, the sum of $4,990 was not exhausted. On this point there is a difficulty, owing to the fact that some evidence offered and received is not printed in the case.

The plaintiff himself gave evidence that, after the commencement of this action, the defendant paid him $714.16 on this claim. On his cross-examination it appeared that he received a warrant on the chamberlain for that amount. On his cross-examination it further appeared that when he received this warrant he had knowledge of a resolution passed by the trustees, by which his bill and that of the gas company were to be audited *pro rata*, and that the amount paid was to be a full and complete settlement and satisfaction of all their claims. The warrant, as drawn, expressed that $714.11 is to be a full and complete settlement and satisfaction of all plaintiff's claims for street lighting to date, August 13, 1879.

It appeared from the minutes of the board, given in evidence by the plaintiff, that the plaintiff's bill had been audited at the amount above mentioned. The plaintiff testifies that when he received the warrant he said to the president, in substance, that he would not accept it in payment, and that he said the same to the chamberlain when it was paid. In this he is contradicted by the president and by the chamberlain.

We have, then, the case of a disputed claim against a corporation; a resolution of the trustees to pay a certain sum in satisfaction and settlement; a warrant drawn accordingly to the order of the claimant for that sum, expressed to be in full satisfaction and settlement, and payment received by him thereon. The plaintiff was bound to accept this money on the terms upon which it was offered,

or not to accept it at all. He could not impose other terms by his conversations (if any were had) with the officers. Their duty was simply to obey the orders of the trustees. Nor could the plaintiff, by a notice served subsequently on the trustees, alter the effect of his acceptance of the order. If he was not willing to take it in settlement, he should have returned it. (*Palmerton* v. *Huxford*, 4 Den., 166; *Green* v. *Rochester Iron Mfg. Co.*, 1 T. & C., 5.)

The objection taken by the plaintiff that the settlement or accord and satisfaction had not been pleaded cannot prevail, because the plaintiff himself chose to prove the fact of payment in aid of his own case. This opened the subject. Indeed the plaintiff, under defendant's objection, also proved the conversation between himself and the president before the warrant had been given in evidence. He has no right to object that all the facts connected with the payment were shown.

For this view we do not think it necessary to discuss the other question in the case, viz., that as to the validity of the plaintiff's claim; though we see no reason to disagree with the referee in that respect.

The judgment is affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment affirmed, with costs.