Smith, P. J.
We agree with the learned judge by whom the case was tried, that the reply of the plaintiffs to the defendant’s inquiry for a price was ambiguous, and we think that the ambiguity fairly suggested to the defendants the necessity of making further inquiry before ordering the goods, or, at least, of specifying in their order, the price by which they intended to be bound. It subsequently appeared that the ambiguity was the result of a mistake of the clerk of the plaintiff who wrote the reply, in stating therein the price of the goods at a less sum than it" was stated in the price list enclosed in the letter and therein referred to. The defendants, however, sent an order for a certain quantity of the goods without saying anything about the price.
The invoice sent by the plaintiff on filing the order, and which was received by the defendants, before the goods, arrived, stated the price as it was given in the price list. We concur with the trial judge in the opinion that the invoice is to be regarded as notice to the defendants of the mistake referred to, or as answering the question suggested, by the ambiguity of the previous statement. At the very least, it put the defendants on inquiry to know what the proposition of the plaintiff really was. And when they subsequently accepted the goods without further inquiry they must be held to have accepted them at the price stated in the invoice.
It is apparent that before that stage Of the transaction, the minds of the parties had not met owing to the ambiguity in the plaintiff’s proposal, and the subsequent silence of the defendants respecting it. But the sending of an invoice definitely specifying the price, and the subsequent acceptance of the goods, without objection to the price thus stated, constituted a contract by which . the defendants were bound. As was said by the trial judge in his opinion, it was easy, and it would have been fair, to decline the goods at the price thus made, or as the plaintiff has suggested, to return the invoice for correction; if the defendants believed the invoice was erroneous.
The retention of the defendant’s check after having once returned it as not being in full, and on notice that it would be applied on account, was not a satisfaction of the claim. The case differs from those cited by the defendant’s counsel, where the sum paid was accepted in satisfaction and settlement of a disputed claim. In Looby v. Village of West Troy, 24 Hun, 78, payment was made by the officers of a municipal corporation in a warrant drawn *713 in pursuance of a resolution passed by the trustees of the corporation that the amount paid was to be a full and complete settlement and satisfaction of the claim, and that condition was expressed in the warrant. It was held that the plaintiff was bound to accept the money on the terms upon which it was offered, or not to accept it at all; that he could not impose other terms by his conversations (if any were had) with the officers; and that their duty was simply to obey the orders of the trustees. In Palmerston v. Huxford (4 Den., 166), the creditor accepted the sum paid in settlement of a disputed claim and gave a receipt in full. So, in Green v. The Rochester Iron Manufacturing Co. (1 T. & C., 5). In Scharpenburg v. Smith (not reported), it appears from the printed case with which the defendant’s counsel has furnished us, that the debtor sent to the creditor a draft on a New York bank, payable to the debtor’s order, and endorsed by him, to the creditor in full of account, which the creditor retained and procured to be certified by the bank on which it was drawn. Here, the creditor on receiving the check of the debtor, returned it as not being in full of the account, and on its being again sent to him, gave notice that he would apply it on account, and the debtor did not countermand it or attempt to stop its payment. In these circumstances, we think it cannot be held that the check was received in satisfaction of the entire claim, but as payment pro tanto merely.
The judgment is affirmed.
Haight and Bradley, JJ., concur; Barker, J., not sitting.