CHRISTOPHER O'CONOR, Respondent, v. OSCAR EDWARD PHILIPSEN, Appellant, Impleaded, etc.

*An agreement to pay a portion of an admitted debt in settlement of the whole thereof is void — failure to convey the whole land agreed to be sold — the purchaser's right to offset damages.*

An agreement to pay a portion of an admitted debt in settlement of the entire claim is invalid, but where there is an actual dispute between the parties as to the amount due from one to the other, they may settle the controversy for themselves, and such settlement is binding upon them both.

Where a farm, said to contain 100 acres, is purchased for agricultural purposes, and the land conveyed contains forty or more acres less than the amount agreed to be sold, the purchaser has a right to recover damages for such deficiency.

APPEAL by the defendant Oscar E. Philipsen from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 30th day of June, 1893, upon the decision of the court rendered after a trial at the Westchester Special Term.

This action was brought by Christopher O'Conor to have adjudged to be void an agreement for the substitution of certain promissory notes for a bond, to compel the defendant Oscar Edward Philipsen to deliver such bond to him, and to foreclose a certain mortgage.

The trial court found that the agreement made between Oscar

Edward Philipsen and the then owner of the bond for $680, referred to in the complaint, whereby such bond was surrendered in consideration of the payment to the owner thereof of forty dollars in cash and the giving of two notes for $100 each, was made without consideration, and that the plaintiff was entitled to the usual judgment of foreclosure and sale of the mortgaged premises and to costs.

*Wilson Brown, Jr.,* for the appellant.

*Thomas W. Butts,* for the respondent.

BARNARD, P. J.:

Patrick McCarty gave a deed of land to the defendant Philipsen. The description in the deed covered two pieces of land, one of twenty-five and one of fourteen acres. The consideration for the deed was $2,250. There was a mortgage of $800 on the property and judgments against the grantor, which were liens on the land. Philipsen took the property subject to the mortgage and also subject to the judgments, and gave the mortgage in question for $680. The sale was made for McCarty through one Sweeny, a real estate broker. In April, 1891, McCarty agreed with Philipsen to take two promissory notes for $100 each and forty dollars in cash in full satisfaction of the bond accompanying the mortgage. The cash was paid and the notes given, and the bond was delivered to Philipsen with a receipt in writing on it stating that the same was paid in full. The first note was paid subsequently, but when the second became due and payment was tendered, it was refused, and this action was brought by McCarty's assignee alleging that the settlement was procured by fraud. There is an entire failure of proof to show fraud in the settlement. The mortgagee, McCarty, was accompanied by his friends, Wimbenny and Scanlon. They both testify to a fair agreement to settle the claim. Philipsen claims misrepresentation as to the quantity of the land sold and as to its power to produce. It appears on all sides that the agreement stated the land to be over 100 acres ; that the deeds did not give the real amount of land. It appeared that an actual survey developed an area of fifty-eight or fifty-nine acres only. The land is proven to be worth twenty-five dollars to thirty-five dollars an acre. The farm was bought for agricultural purposes and the purchaser had the right to claim damages for this deficiency of forty or more acres. (*Schu-*

*maker* v. *Mather,* 133 N. Y. 590; *Paine* v. *Upton,* 87 id. 327; *Keenan* v. *Bird,* 60 Hun, 175.)

It was under this state of facts that the parties settled. A man may settle a disputed claim and the settlement be good and bind both parties. Philipsen constantly claimed that he had been cheated both in quality of the land and in the misrepresentation as to the amount of it. The settlement was good. (*Dunham* v. *Griswold,* 100 N. Y. 224; *Kromer* v. *Heim,* 75 id. 574; *Babcock* v. *Bonnell,* 80 id. 244; *Wilson* v. *Randall,* 67 id. 338; *Brooks* v. *Moore,* 67 Barb. 393; *Beach* v. *Endress,* 51 id. 570).

The facts of the case differ entirely from the facts in cases where it is held that an agreement to pay a portion of an admitted debt in settlement of the entire claim is invalid. The case does not stand upon this principle, but on a principle held without deviation, that where there was actually a dispute as to the amount due from one party to another, the parties may settle the controversy for themselves.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J.:

The bond and mortgage became due in December, 1888, and were for upwards of $600.

In April, 1891, defendant paid the holder forty-eight dollars in cash and gave him two notes of $100 due in one and two years.

Defendant claims that these were given in discharge of the mortgage and the witnesses present corroborated him in that respect. The fact that the interest then due was much less than $240 is also a circumstance in favor of defendant.

On the other hand, the holder of the mortgage testifies that he did not understand that the mortgage was to be discharged and did not intend to release the whole claim.

As the holder of the mortgage was illiterate, not able even to write his own name, and also had been drinking considerably at the time of the negotiation, it may well be that all the parties intend to speak the exact truth.

Very likely an intelligent person, in full possession of his faculties, would have understood from the discussion that defendant expected

to extinguish the whole claim by the $240 in cash and notes.   The weight of evidence seems to be that way.

The judgment should be reversed and a new trial ordered, costs to abide the event.

DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.