Barnard, P. J.
Patrick McCarty gave a deed of land to the defendant, Philipsen. The description in the deed consisted of two pieces of land, one of twenty-five and one of fourteen acres. The consideration for the deed was $2,250. There was a mortgage of $800 on the property and judgments against the grantor, which were liens on the land. Philipsen took subject to the mortgage and also subject to the judgments and gave the mortgage in question for $680. The sale was made for McCarty through one Sweeny, a real estate broker. In April, 1891, McCarty agreed with Philipsen to take two promissory notes for $100 each and forty dollars in cash for a full satisfaction of the bond accompanying the mortgage. The cash was paid and the notes given and the bond was delivered to Philipsen with a receipt, in writing, on it that the same was paid in full. The first note was paid subsequently, but when the second became due and payment tendered, it was refused and this action brought by McCarty’s assignee alleging that the settlement was procured by fraud. There is an entire failure of proof to show fraud in the settlement. The mortgagor, McCarty, was accompanied by his friends, one Wimbenny and Scanlon. They both testify to a fair agreement to settle the claim. That Philipsen claims misrepresentation as to the quantity of the land ' sold and as to its power to produce. It appears on all sides that the agreement stated the land to be over one hundred acres, that the deeds did not give the real amount of land. It appeared that an actual survey developed an area of fifty-eight or fifty-nine acres only. The land is proven to be worth twenty-five to thirty-five dollars an acre. The farm was bought for agricultural purposes and the'purchaser had the right to claim damages for this deficiency of forty or more acres' Schumaker v. Mather, 183 N. Y., 590; 44 St. Rep., 754 ; Paine v. Upton, 87 N. Y., 327; Keeenan v. Bird, 60 Hun, 175 ; 39 St. Rep., 22. It was under this state of facts that the parties settled. A man may settle a disputed claim and the settlement be good and bind both parties. Philipsen constantly claimed that he had been cheated both in quality of the land and in the misrepresentation as to the amount of it. The settlement was good. Dunham v. Griswold, 100 N. Y., 224; Kromer v. Heim, 75 id., 574; Babcock v. Bonnell, 80 id., 244; Wilson v. Randall, 67 id., 538; Brooks v. Moore, 67 Barb., 393; Beach v. Endress, 51 id., 570.
The facts of the case differ entirely from the facts in cases where it is held that an agreement to pay a portion of an admitted debt in settlement of the entire claim is invalid. The case does not stand upon this principle but on a principle held without deviation, that where there was actually a dispute as to the amount due from one party to another, the parties may settle the controversy for themselves.
The judgment should be reversed and a new trial granted, costs to abide event.