## MILES V. ARP.

Where there is a dispute as to the amount of a debt, and the debtor pays less than the amount claimed by the creditor, an agreement by the latter at the time to accept the sum paid in full satisfaction need not be in writing. HANEY, J., dissenting.

(Opinion filed April 27, 1897.)

Appeal from circuit court, Brule county. Hon. FRANK B. SMITH, Judge.

Action by H. M. Miles against Claus Arp. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The facts are stated in the opinion.

*S. H. Wright,* for appellant.

If there be a dispute as to the amount of a debt, and the debtor pays less that the amount claimed by his creditor, the latter's agreement to accept the sum paid in full satisfaction need not be in writing. Comp. Laws, §§ 3483, 3485; Carpenter v. Railroad, 7 S. D. 584, 64 N. W. 1120; Hills v. Sommers, 6 N. Y. Supp. 469; Fuller v. Kemp, 20 L. R. A. 785; Mathis v. Bryson, 4 Jones Law (N. C.) 508; Cool v. Stone, 4 Ia. 219; Palmerton v. Huxford, 4 Denio 166; Pierce v. Pierce, 25 Barb. 243; Neary v. Bostwick, 2 Hilt (N. Y.) 514; McDaniels v. Lapham, 21 Vt. 222.

FULLER, J.  Plaintiff bases his claim and right to recover upon two express contracts under which he delivered to the defendant certain hydraulic jacks to be employed in the removal of iron tubing from an artesian well in one instance, at an agreed price of $15 per day, unconditionally for each day said jacks were used, and upon another occasion at an agreed price of $15 per day, in case the defendant was successful in drawing out the tubing, and, in the event of a failure in that respect, plaintiff agreed to accept $10 per day in full settlement for the use of the property.  Judgment for $—— is demanded.  Defendant admits that he used the hydraulic jacks under an express contract entered into with the plaintiff, but alleges that, for their use on the first occasion, he has paid plaintiff $25 in full settlement, and avers that it was stipulated in the agreement between himself and plaintiff with reference to the second transaction that, in case he was unable to remove from the well at least two joints of the tubing, no charge was to be made for the use of the jacks, which were at the time out of repair, and useless for every purpose for which they were intended, and on account of which he was wholly unable to remove any of the tubing, and is consequently not indebted therefor.  A jury trial resulted in a judgment for plaintiff, from which, and from an order overruling a motion for a new trial, the defendant appeals to this court.

The amount of money, if any, due respondent and unpaid according to the agreement, was the ultimate fact for the jury to determine, and a question which depended almost entirely upon the conditions and legal effect of the $25 payment, and the evidence for and against the proposition that the contract expressly provided that appellant should pay a stipulated price per day for the time that the jacks were in actual use, and not for the entire time that they were in his possession.  Upon this branch of the case the trial court instructed the jury in part as follows:  ''If, at the time the defendant paid the plaintiff this $25, you believe from the evidence that there was more than

$25, due the plaintiff, then the plaintiff will not be bound by an oral or verbal agreement which he might have made to accept the $25 in complete satisfaction of what was due him, and he may sue and recover the balance that was at that time due him, unless you find that he agreed in writing to accept it in full satisfaction." As every consideration of public policy suggests, and the general spirit of our statute encourages, mutual concession in the settlement of disputed unliquidated demands, rigid provisions of law should not, as against the clearly expressed intention of the parties, be extended beyond their precise and literal import, when such a construction fosters bad faith, and tends to defeat the ends of justice. Here was an actual dispute and overt contention with reference to the amount of a debt, plaintiff alleging that it was more than $25, while the defendant answered that it amounted to but $22.50, and had been fully paid. No writing is necessary, under the circumstances of this case, to prove a compromise satisfaction and discharge of the demand. Although there are circumstances within the issues tending strongly to show that this doubtful disputed claim was compromised and released by the payment of $25, plaintiff swears that he accepted that amount as a partial payment merely, while the defendant testifies that it was in excess of the actual amount due under the contract; and there is nothing in the record to sustain an inference that an express agreement was made by which a partial performance was accepted in extinction of a liquidated obligation, the amount of which had been ascertained and assented to by the parties. Palmerton v. Huyford, 4 Denio, 166. It was therefore prejudicial error to instruct the jury, in effect, to disregard the compromise, if one existed, because the same was not evidenced by an agreement in writing. The judgment appealed from is reversed, and a new trial is ordered.

HANEY, J., dissents.