37b 152
62ad247

DoĹCHER and wife *vs.* FRY.

A complaint alleged that the plaintiffs having executed a mortgage upon lands, and the mortgage having been foreclosed, a judgment of sale obtained, and the property sold to D., and the plaintiffs being about to make application to set aside the sale, on the ground of irregularity, the defendant proposed to purchase the property of D. and to pay to the plaintiffs $500 if they would refrain from making the application to set aside the sale. That this proposition was accepted by the plaintiffs, and the defendant purchased the premises of D. and paid the plaintiffs a part of the $500 stipulated; leaving a balance unpaid, for which the action was brought. *Held*, on demurrer, that the complaint was defective, in not alleging that there was some doubt or dispute as to the regularity or validity of the judgment in the foreclosure suit, upon which the defendants therein might have founded a proceeding to vacate it.

APPEAL from a judgment of the city court of Brooklyn, on demurrer to the plaintiffs' complaint. The complaint alleged that the plaintiff Francis Dolcher, being the owner of certain real estate, situate in the county of Kings, particularly described in the complaint, on or about the 20th day of September, 1856, executed a mortgage upon said premises to Bernard Dezendorf and Charles Hicks, executors of the last will and testament of one Andrew Dezendorf, deceased, which mortgage was duly recorded in the office of the register of the county of Kings on the 24th day of September, 1856. That afterwards said executors commenced an action in the supreme court, against the plaintiffs, to foreclose the said mortgage; and that such proceedings were thereupon and thereafter had in said action that a judgment of foreclosure was obtained; and that the roll thereof was filed and judgment docketed in the office of the clerk of the county of Kings on or about the 12th day of January, 1860. That the said premises were sold by the sheriff of the county of Kings under and in pursuance of the said judgment, and that on such sale said Bernard Dezendorf became the purchaser of the said premises. That the plaintiffs did not know when said sale took place, but very soon thereafter were informed of the fact. That the plaintiffs, after ascertaining that said

premises had been sold, were about to make an application to the court to set aside the sale on the ground of irregularity. But thereupon it was proposed by the defendant, Edwin Fry, that he would purchase the premises of said Bernard Dezendorf, and would pay the plaintiffs $500 if these plaintiffs would not make an application to set aside said sale, or interfere in the matter. That such proposition of the defendant was accepted by the plaintiffs, and the defendant thereupon and on or about the 19th day of March, 1860, purchased the premises of said Bernard Dezendorf, and did, pursuant to said agreement with these plaintiffs, pay to them $160 towards the said $500, and did also pay for and on account of these plaintiffs towards said $500 the further sum of $135, or thereabouts, for taxes on certain property owned by the plaintiffs on the corner of Park and Carleton avenues, in the city of Brooklyn, leaving the sum of $205 still due from the defendant to the plaintiffs. That the said $500 was agreed to be paid at the time the agreement was made as aforesaid. That said $205 is still due and owing from the said defendant to the plaintiffs, with interest. Wherefore the plaintiffs demanded judgment against the defendant for said sum of $205, with interest and costs.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The city court ordered judgment for the plaintiff, upon the demurrer, with costs; and the defendant appealed.

*John G. Schumaker*, for the appellant. I. The complaint does not state facts sufficient to constitute a cause of action, because it does not aver any fact which would make the proceedings at law in foreclosing the mortgage, or the sale of the premises, illegal. It is necessary to aver the irregularity and illegality, and in what it consists, showing that the plaintiff had waived a legal and equitable right. (1 *Parsons on Contracts*, 366.)

II. The complaint should state every fact which the plain-

tiff must prove, to enable him to maintain his suit, and which the defendant has a right to controvert in his answer. The principle of pleading is to state the cause of action. (*Buddington* v. *Davis*, 6 *How.* 402. *Allen* v. *Patterson*, 3 *Seld.* 478. *Safford* v. *Drew*, 3 *Duer*, 632. *Underhill* v. *Saratoga Rail Road Co.*, 20 *Barb.* 455.)

*S. D. Morris*, for the respondents. I. The promise of the defendant was founded on a good and sufficient consideration. (1.) The contract was of benefit to the defendant; he avoided a litigation which the plaintiffs had a legal right to institute. (*Story on Cont.* § 431. 3 *John.* 100.) (2.) It is sufficient if the contract might be beneficial to the defendant. (18 *John.* 337.) (3.) Forbearance for a certain or reasonable time to institute a suit upon a well founded claim, *or even upon one which is doubtful*, is a sufficient consideration to support a promise, since it is a benefit to the one party and a prejudice to the other. (*Story on Con.* § 435. *Stewart* v. *McGuin*, 1 *Cowen*, 99.) (4.) Forbearance to sue, generally, is a good consideration. By forbearing to sue, the plaintiffs suffer damage. (*Elting* v. *Vanderlyn*, 4 *John.* 237. *Mapes* v. *Sidney*, *Cro. Jac.* 683.) (5.) Any damage, or suspension, *or forbearance of a right*, will be sufficient to sustain a promise. (2 *Kent's Com.* 465. *Seaman* v. *Seaman*, 12 *Wend.* 381.)

II. It is not necessary to aver in the declaration that the promise was in writing. (4 *John.* 238. *Russell* v. *Cook*, 3 *Hill*, 504. *Chitty on Con.* 43, 44, ed. of 1842.) The case of *O'Keson* v. *Barclay* (2 *Penn. Rep.* 531) sustains a promissory note given on the settlement of a slander suit for words not actionable.

*By the Court*, EMOTT, J. This complaint is upon an agreement by parol for the payment of money, and upon demurrer it must appear that there was some consideration for such an agreement. Otherwise it is void, and the action must

fail. The plaintiffs had executed a mortgage upon certain lands in Kings county, the mortgage had been foreclosed, a judgment of sale obtained, and the property sold to one Dezendorf. The plaintiffs, it is alleged in the complaint, were about to make an application to set aside the sale, on the ground of irregularity, when the defendant proposed to purchase the property of Dezendorf, and to pay to the plaintiffs $500 if they would not make the application to set aside the sale or interfere in the matter. The complaint goes on to state that this proposition of the defendant was accepted by the plaintiffs, and that the defendant purchased the premises of Dezendorf, and pursuant to his agreement with the plaintiffs paid them $295 towards the amount stipulated, leaving $205 still unpaid, for which this suit is brought.

These are all the allegations made, and all the facts stated upon the subject of the agreement upon which this suit is founded. It is a serious if not a fatal difficulty that it does not appear that the plaintiffs did abstain from making the application referred to, or did, or omitted to do, any thing on their part, in pursuance of the agreement. If the agreement by which the defendant bound himself to pay money is to be sustained as a compromise of a disputed claim, it should at least appear that there was a compromise. The consideration stated here was executory, and it should at least appear that it had been performed, in order to the defendant's liability or his corresponding obligation.

But if it had been averred that in consequence of the defendant's promise the plaintiffs did refrain from making an application to set aside the sale, this complaint would still be defective. It is undoubtedly true that a settlement or compromise of a disputed claim or controversy is a sufficient consideration for a promise to pay money, and that the courts will not inquire whether the claim was a valid one or could have been sustained. The rule is so stated by Judge Bronson in *Stewart* v. *Ahrenfeldt*, (4 *Denio*, 189,) although its application was defeated there by a fraudulent concealment

of material facts. So in *Russell* v. *Cook*, (3 *Hill*, 504,) where the action was upon a note given upon a compromise of a demand for damages done to a cargo of barley. Both these were cases where there had been a trial, and the facts appeared in evidence. In *Seaman* v. *Seaman*, (12 *Wend.* 381,) a similar question arose upon a demurrer to the declaration. There the plaintiff was an heir at law of the father of the defendants, and they promised to pay him $500 in consideration of his withdrawing his opposition to the proof of his father's will, against which he had filed a caveat. The declaration stated that the plaintiff did withdraw his opposition, and the will was thereupon proved, and in that respect the pleading was not liable to the objection which I have already suggested to the present complaint. The demurrer was sustained, however, on the ground that it did not appear by the declaration that the plaintiff was particularly interested in having the will set aside. That objection was very nice and critical, and I confess I should have had some hesitation in saying that such an interest was not to be inferred from the allegation that he was an heir at law. The decision is not in point upon the material question in the present case, however, because it does not appear how far the court considered that the declaration was sufficient in respect to an allegation that there was a controversy as to the validity of the will. The case was decided upon the other point, and decided against the declaration. The pleading there contained much more in this respect than this complaint. It averred that the plaintiff had become dissatisfied in regard to the provisions of the will, and especially in regard to doubts entertained by him of the sanity of the testator. Whether these allegations would be enough, without stating that such doubts or some occasion for them really existed, or that there was in point of fact a controversy as to the proof of the will, is a question upon which I confess to some difficulty, and upon which the decision of the case furnishes no guide to us.

Upon principle it is clear that there must be a dispute be-
tween the parties, which was doubtful, in order to sustain a
promise to pay money in a compromise. This is the lan-
guage of the court, and the evident understanding of the
law by the judges, in the case of *Russell* v. *Cook,* already
cited. It is enough, they say, that the dispute was doubtful,
(*p.* 506.) But it would not have been enough if the defend-
ant had threatened a suit upon a claim which was wholly
baseless, as if he had been a perfect stranger, or, as in this
case, if the plaintiff had threatened to apply to set aside a
judgment against which there was no ground of complaint,
for any cause whatever. The court will not look behind a
compromise, or inquire where the right is, but they must see
that there was a dispute and some doubt, an injury done,
and a question as to the liability to answer for it, or the like.
Otherwise it is merely extortion, and not a compromise. The
case of *Longridge* v. *Dorville* (5 *B.* & *A.* 117) is generally
cited as having gone to the extreme length, in such cases, in
the English courts. There the defendant's vessel had injured
the vessel of the plaintiff by a collision, and proceedings in
admiralty had been commenced, which were withdrawn upon
the defendant's stipulating to pay, by way of compromise,
the sum for which the action was brought. The defendant's
vessel had a trinity house pilot on board, and it was there-
fore exceedingly doubtful, upon the law, if they were liable.
But there had been an injury, and there was a dispute and
doubt as to the responsibility for it, and the court said the
parties agreed to waive all questions of law and of fact. The
case of *Longridge* v. *Dorville* was commented upon in *Wade*
v. *Simeon,* (2 *C. B. R.* 548,) where, upon a declaration on
a promise to pay moneys in consideration of forbearing to
proceed with an action, a plea that the plaintiff never had
any cause of action and well knew it, was held good. The
cases are distinguished on the ground that in *Longridge* v.
*Dorville* there was an uncertainty, while in the case before
the court it appeared on the pleadings that there was no un-

certainty whatever. To the same effect is *Smith* v. *Monteith*, (13 *M. & W.* 427,) and so are the earlier authorities which will be found cited in these cases. Lord Coke says, as was observed by Mr. Justice Cresswell in *Wade* v. *Simeon*, that the staying of an action which has been unjustly brought is no consideration for a promise to pay money. This is as well settled and as universally true as the rule that a promise to pay money upon a compromise of a doubtful claim is valid, and the merits of the original dispute cannot be inquired into. Both rules must be applied to the cases which arise.

The case of *Edwards* v. *Baregh* (11 *M. & W.* 641) was in some respects like the present. There was a demurrer to a declaration, and although the declaration stated that disputes and controversies were pending between the parties as to whether the defendant owed the plaintiff a certain sum, and in consideration that the plaintiff would promise not to sue, and would accept £500 in satisfaction, the defendant promised to pay £500, yet the declaration showed no consideration for the promise because it did not allege that any debt was due, but only that disputes existed. The opinions of the judges, and the decision of that case, go farther than is necessary here, for there is no allegation in this complaint that there was any doubt or dispute whatever as to the validity or the regularity of the judgment of foreclosure, or any ground for setting it aside. There is a case in Pennsylvania, (*O'Keson* v. *Barclay*, 2 *Penn. Rep.* 531,) in which a note given to settle a slander suit for words not actionable was sustained. But the cases of *Hanaker* v. *Eberle*, (2 *Bin.* 509,) *Johnes* v. *Potter*, (5 *S. & R.* 519,) in the same state, are more in accordance with the rule to be collected from the English and the earlier authorities, and seem to me better considered. A similar principle will be found in *Powell* v. *Brown*, (3 *John.* 100, 104,) where a promise to pay a debt of one W. B. to the plaintiff, in consideration that the plaintiff would account to the defendant for the shares of W. B.

. in the profits of a certain vessel and voyage in which they had been jointly concerned, was held void for want of consideration, unless it appeared that there were. such profits.

It has been sometimes suggested that avoiding the expenses of resisting a claim or defending a suit, under any circumstances, would be a sufficient consideration for a compromise of the demand.   But this would lead to sustaining such promises to pay money for the relinquishment of prosecutions which were utterly unfounded and malicious; and besides, the law supposes that the costs which would be recovered of the party making such a claim would be a sufficient indemnity for such expenses.

This complaint is defective in not alleging that there was some doubt or dispute as to the regularity or validity of the judgment in the foreclosure action, upon which the defendant might have founded a proceeding to vacate it, and for this reason, without passing upon any other questions which have been alluded to, the demurrer should have been allowed.

The order appealed from must be reversed with costs, and judgment ordered for the defendant, with leave to the plaintiffs to amend on the usual terms.

[DUTCHESS GENERAL TERM, May 12, 1862.  *Emott, Brown, Scrugham* and *Lott,* Justices.]