MAE V. LOCKE, Appellant, *v.* WINFIELD P. PEMBROKE, Respondent.

Argued April 17, 1939; decided May 31, 1939.

*Henry Klein, David Sheir* and *Max D. Steuer* for appellant. The complaint sets forth facts sufficient to constitute a cause of action. (*Stark* v. *Howe Sound Co.*, 148 Misc. Rep. 686; 241 App. Div. 637; *Minehan* v. *Hill*, 144 App. Div. 854; *Wahl* v. *Barnum*, 116 N. Y. 87; *Clark* v. *Auditore, Inc.*, 244 N. Y. 382; *People* v. *Hayes*, 70 Hun, 111; 140 N. Y. 484; *Harvey* v. *Morgan & Co.*, 166 Misc. Rep. 455.) The causes of action set forth in the complaint did accrue within the time limited by law for the commencement of an action thereon. (Civ. Prac. Act, § 48, subd. 1; 2 Carmody's New York Practice, p. 721.) The contract does not come within the provisions of the Statute of Frauds. (*Thorp* v. *Stewart*, 44 Hun, 232; *Dresser* v. *Dresser*, 35 Barb. 573; *McCabe* v. *Green*, 18 App. Div. 625; *Kent* v. *Kent*, 62 N. Y. 560; *Ralph* v. *Cronk*, 266 N. Y. 428; *Fredenburg* v. *Fredenburg*, 159 Misc. Rep. 525.)

*William MacFarlane* for respondent. The action is for seduction and not maintainable. (Civ. Prac. Act, art. 2-A; *City of Syracuse* v. *Hogan*, 234 N. Y. 457; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Sulkowski* v. *Szewczyk*, 255 App. Div. 103; *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *City Bank F. T. Co.* v. *N. Y. C. R. R. Co.*, 253

N. Y. 49; *Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Matter of Cooper*, 22 N. Y. 67; *Ayers* v. *Lawrence*, 59 N. Y. 192; *Johnson* v. *Oppenheim*, 55 N. Y. 280; *Beal* v. *Finch*, 11 N. Y. 128; *People ex rel. Bingham* v. *State Water Supply Comm.*, 153 App. Div. 587; *Fearon* v. *Treanor*, 272 N. Y. 268; *Hanfgarn* v. *Mark*, 274 N. Y. 22; *Cunningham* v. *Cunningham*, 206 N. Y. 341; *Maynard* v. *Hill*, 125 U. S. 190.) The facts alleged in the complaint do not constitute a legal contract and the complaint cannot be sustained on that ground. (*Canet* v. *Smith*, 86 Misc. Rep. 99; 173 App. Div. 241; *Mackintosh* v. *Kimball*, 101 App. Div. 494; *Sun P. & P. Assn.* v. *Remington P. & P. Co.*, 235 N. Y. 338; *Ansorge* v. *Kane*, 244 N. Y. 395; *Angresani* v. *Tozzi*, 217 App. Div. 642; 245 N. Y. 558; *Matter of Greene*, 45 Fed. Rep. [2d] 428; *Sirkin* v. *Fourteenth St. Store*, 124 App. Div. 384; *Springstead* v. *Nees*, 125 App. Div. 230; *Hammond Oil Co.* v. *Standard Oil Co.*, 259 N. Y. 312; *Strong* v. *Sheffield*, 144 N. Y. 392; *McGovern* v. *Elize, Inc.*, 137 Misc. Rep. 599; *McGovern* v. *City of New York*, 234 N. Y. 377; *United Press* v. *New York Press Co.*, 35 App. Div. 444; 164 N. Y. 406.)

CRANE, Ch. J. This is an appeal by the plaintiff from an order of the Appellate Division, first department, which reversed an order of the Special Term denying the defendant's motion to dismiss the amended complaint, and from the judgment entered on such reversal. The motion was made by the defendant before service of his answer under rules 106 and 107 of the Rules of Civil Practice. In reviewing the complaint, in the absence of any answer, we are bound to take the allegations as facts.

In the first place, article 2-A of the Civil Practice Act, entitled " Actions against Public Policy," has no application to this case except as it preserves past agreements made in settlement of alleged wrongs. While it abolishes the right of action heretofore existing to recover damages for seduction, it has not interfered with agreements made prior to 1935 in settlement of such causes. The plaintiff would have no cause of action for the wrong alleged to have occurred in March of 1924. She alleges, how-

ever, a contract in settlement upon a good consideration made on or about the 14th day of January, 1928, and it is upon that alleged agreement she seeks recovery. Such agreements, if made, are referred to in section 61-f of the Civil Practice Act, added by the Laws of 1935, chapter 263, in the following words: " However, that this section shall not apply to the payment, satisfaction, settlement or compromise of any causes of action which are not abolished or barred by this article, or any contracts or instruments heretofore executed."

Now for the complaint. It alleges that prior to the 1st day of November, 1925, the defendant, upon the representation that he was free to marry, and under a promise to marry her, seduced this plaintiff, and that thereafter, in November of 1925, he told her he was married, could not marry her, and promised to make a reasonable allowance for her maintenance; that thereafter he made such allowances, and in August of 1927 promised to pay her $500 per month for her maintenance and support. Up to this point there was no valid agreement. The promises of the defendant were unenforceable. The consideration for them was illegal or rather there was no consideration recognized by the common law or by the law of this State. (1 Williston on The Law of Contracts [Rev. ed.], § 148, p. 523; *Matter of Greene,* 45 Fed. Rep. [2d] 428; *Wallace* v. *Rappleye,* 103 Ill. 229.)

The plaintiff goes further, and states that a letter written by a lawyer to the defendant in January of 1928 produced a reply, and the allegations regarding it are these: " That the defendant received the said letter in due course of mail after the 14th day of January 1928, and thereupon undertook, promised and agreed with this plaintiff that if she would proceed no further to institute any action against the defendant, the defendant would in all things carry out the terms of his agreement, and the plaintiff agreed that as long as the defendant did carry out and perform the terms of the agreement, she would not institute action against the defendant; * * *."

The action is brought for installments of $500, according to the original promise. The plaintiff has here alleged in substance that in 1928 she undertook through a lawyer to commence action against the defendant, and that he, in consideration of her refraining from doing so, promised to pay her $500 a month. It may be that her action for seduction in 1924 was barred by the two-year Statute of Limitations (Civ. Prac. Act, § 50), and that the consideration was worthless or, in other words, no consideration. The Statute of Limitations, however, is a defense to be pleaded, and as there are many other reasons or circumstances under which the statute may be tolled, we cannot say in the face of these pleadings that there was no consideration because the plaintiff had no cause of action which she could maintain in the courts. The consideration also might be lacking, due to the fact that she had no cause of action to prosecute arising out of her own conduct, after she discovered or knew that the man was married. Again, these matters are not for our consideration in dealing with the complaint. At common law no promise could be enforced which is based upon illicit association. The Statute of Frauds does not apply here as the promise, if made, could possibly have been performed within a year.

Upon this question of whether a cause of action for tort, barred by the Statute of Limitations, can possibly be a consideration to support a promise, reference may be made to *Nelson* v. *Petterson* (229 Ill. 240); *Oothout* v. *Thompson* (20 Johns. 277). In *Holtham* v. *City of Detroit* (136 Mich. 17, 21) the court said: " An action of tort, once barred by the statute of limitations, cannot, like an action arising out of contract, be revived by either an express or implied agreement." (See, also, *Vickers* v. *Stoneman*, 73 Mich. 419; *Van Auken* v. *City of Adrian*, 135 Mich, 534, 539; *Hurst* v. *Parker*, 1 Barn. & Ald. 92; 11 Anno. Cas. 180; 17 Ruling Case Law, p. 894.)

For the reasons here stated, the judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

RIPPEY, J. (dissenting). Plaintiff alleges that in March, 1924, or at some time prior thereto, defendant seduced the plaintiff under promise of marriage; that about November 1, 1925, defendant told her that he was a married man and unable to marry her and thereupon orally agreed to make her a reasonable allowance for her support and maintenance for the balance of her life; that in the summer of 1927 defendant modified the agreement for a reasonable allowance by voluntarily agreeing to pay her five hundred dollars per month during her lifetime; and that, in January, 1928, defendant refused to make further payments. Whereupon, it is alleged, she threatened to enforce the agreement by legal proceedings. It is further alleged that on January 14, 1928, defendant then " undertook, promised and agreed with this plaintiff that if she would proceed no further to institute any action against the defendant, the defendant would in all things carry out the terms of his agreement, and the plaintiff agreed that as long as the defendant did carry out and perform the terms of the agreement, she would not institute action against the defendant." She claims that he made payments of $500 per month to March 1, 1938, when he refused to pay further and she brings this suit to recover installments, alleged to be due for the months of March to June, 1938, inclusive. Her complaint has been dismissed.

The agreement upon which she sues is the one of January 14, 1928, and she asserts that she may sustain it on the ground that it was an agreement of compromise in avoidance of litigation. To support such a compromise, the claim must be a *bona fide* claim or honestly believed by the parties to be such, having some legal or equitable foundation, and founded on a right about which there is room for honest doubt and actual dispute (*Sherman* v. *Barnard*, 19 Barb. 291; *Dolcher* v. *Fry*, 37 Barb. 152; *Feeter* v. *Weber*, 78 N. Y. 334). It cannot be sustained on a claim without legal foundation out of which no cause of action can arise in favor of the person asserting it (*Morey* v. *Town of Newfane*, 8 Barb. 645; *Sherman* v. *Barnard*, 19 Barb. 291, 302; *Crosby* v. *Wood*, 6 N. Y. 369; *Reid* v. *Hitchings*, 71 Me. 590, 594).

The claim upon which the agreement on which suit is brought is an illegal claim and must have been and was, of necessity, known to the parties as such and one that was unenforceable under our law. Plaintiff could not enforce the executory agreement to make a " reasonable allowance," for it was indefinite and uncertain and the fact that some amount has been paid and received thereunder does not make it enforceable ( *United Press* v. *N. Y. Press Co.*, 164 N. Y. 406). She could not enforce an agreement to pay in consideration of the continuance of the illicit relations (*Angresani* v. *Tozzi*, 245 N. Y. 558; *Matter of Greene*, 45 Fed. Rep. [2d] 428), any more than she could enforce the agreement to recompense her for past illicit favors since the consideration was immoral. The alleged agreement to compromise in avoidance of a threatened suit on baseless claims is without consideration and cannot be enforced (*Sherman* v. *Barnard*, *supra*, p. 302; *Dolcher* v. *Fry*, *supra*, p. 157).

By the specific allegations of the complaint, this suit is one to enforce an agreement to forbear from the prosecution of a suit to enforce that baseless claim in consideration of the payment of $500 per month for the support and maintenance of the plaintiff. No question arises as to whether suit may be maintained on seduction or on any breach of any agreement antedating the alleged agreement of compromise which involves any Statute of Limitations in bar. We must take the complaint and pleading of plaintiff as we find them and hold that the complaint, on its face, does not state a cause of action.

The judgment should be affirmed, with costs.

LEHMAN, HUBBS and LOUGHRAN, JJ., concur with CRANE, Ch. J.; RIPPEY, J., dissents in opinion in which FINCH, J., concurs; O'BRIEN, J., taking no part.

Judgment accordingly.