GERTRUDE NOVICK et al., Plaintiffs, *v.* LEVITT & SONS, INC., Defendant.

Supreme Court, Special Term, Nassau County, February 21, 1951.

*Ira G. Goldman* and *John F. Havens* for defendant.

*Robert L. Carter, Jack Greenberg, Constance Baker Motley* and *Andrew D. Weinberger* for plaintiffs.

CUFF, J. This is a motion by defendant to dismiss the complaint for insufficiency. The action is for an injunction and for declaratory judgment. Factual allegations and the inferences which naturally flow therefrom pleaded in a complaint when a motion of this kind is made are deemed established. (*Locke* v. *Pembroke*, 280 N. Y. 430.)

The complaint, given its best complexion alleges: That plaintiffs are two families who reside at Levittown, Nassau County, New York, occupying their houses under written leases from defendant expiring, by their terms, November 30, 1950, but which " are presently in force "; that defendant, engaged in the construction business, has developed into a residential community the hamlet known as Levittown, Nassau-Suffolk Counties, by erecting therein about ten thousand small homes of which about fifteen hundred have been occupied by tenants of defendant; that construction of said homes was financed " with the aid of the Federal Housing Administration " and the mortgages on them were insured by said Federal Housing Administration " conforming to various requirements of the Federal Housing Administration "; that plaintiffs have not breached their leases; that it is " the policy, custom and practice of the defendant * * * just prior to the expiration date of a lease, to send " a renewal form of lease to the tenant with a letter of instructions, inviting the tenant to sign same and return it to defendant; that leases are always renewed unless the lessee " breaches some provisions of the lease itself and is " notified of such breach by defendant; that plaintiffs Ross' leases in the past " have been thus renewed "; that in the past leases made by defendant and its subsidiaries have contained a clause (not in plaintiffs') by which the tenant would agree not to permit the use of the rented premises by negroes; that if a lessee objected to the above clause defendant would refuse to renew the lease; that the said Federal Housing Administration, in June, 1949, compelled defendant to remove the above clause from its leases and defendant did so in form, but in fact continued to impose the restriction upon tenants; that in July, 1950, plaintiffs allowed negro children to use their rented premises; that on August 3, 1950, defendant wrote plaintiffs that their leases would not be renewed; that they would be required to vacate on the expiration date of their leases (November 30, 1950) and failing to do so defendant would take legal proceedings against them; that plaintiffs did not receive the usual letter sent to a tenant just prior to the expiration of his lease and no reason was given by defendant for such omission;

that inquiry by plaintiffs of defendant as to whether their leases were to be renewed brought no reply; that plaintiffs received no complaint from defendant as to any violations of the leases by them; that upon information and belief defendant's refusal to renew plaintiffs' leases was based upon the incident in July when plaintiffs allowed negro children to use the demised premises; that defendant " has an announced policy of refusing to lease or sell property in Levitttown " to negroes: that defendant's action seeks to control its lessees' guests contrary to the laws and public policy of the State; that any court which would aid defendant to evict plaintiffs would violate the public policy of the State and the United States Constitutions; that plaintiffs have no adequate remedy at law; that plaintiffs are in constant jeopardy of being evicted because defendant has not renewed their leases, and that unless an injunction is granted against defendant's evicting plaintiffs, plaintiffs will suffer irreparable damage. In addition to the injunction, plaintiffs seek a judgment declaring in their favor many enumerated rights.

The complaint is rife with allegations of evidence, immaterial and irrelevant matters in addition to conclusions of law and of fact. Defendant has made no objection on this motion to the form or contents of the pleading; it is a straight frontal attack that the complaint fails to state a cause of action. Under such circumstances, Special Term should give the document a liberal interpretation (Civ. Prac. Act, § 275) in quest, if at all possible, of some actionable wrong by defendant against the plaintiffs (Tripp, Guide to Motion Practice [Rev. ed.], p. 243).

In his brief plaintiffs' attorney states his cause of action as follows: " The gravamen of the complaint herein is that the defendant seeks to invoke the aid of the courts of this state to evict the plaintiffs from their homes, which they had leased from defendant, for the reason that the plaintiffs invited Negro children to play with their children on the said leased premises in violation of defendant's prohibition against the use of said premises by persons other than Caucasians."

If that statement of plaintiffs' case states a cause of action at all (and I do not think it does), it goes beyond the allegations of the complaint. But to take the statement at its face value, its premise is that defendant may not choose to whom it shall rent its houses. Plaintiffs submit no support for such a legal theory and I find the law to be to the contrary. (*Shelley* v. *Kraemer*, 334 U. S. 1; *Dorsey* v. *Stuyvesant Town Corp.*, 299 N. Y. 512, 536.)

Plaintiffs' counsel states in his brief that " plaintiffs do not question the defendant's right to select its own tenants ", but they do in the complaint and unless they deny that right of choice to defendant, in their own statement of their case, they have alleged no actionable wrong.

Plaintiffs' counsel asserts that the right which the plaintiffs are projecting is that defendants be prevented from invoking the processes of a court to evict them. He bolsters that argument up with the conclusion that defendant has not renewed their leases because they (plaintiffs) permitted negro children to use the demised premises last July. There is no proper allegation in the complaint to support that contention, if a proper allegation would make any difference. Plaintiffs stress the fact that defendant wrote them a letter in which it stated that if plaintiffs did not move from the rented premises on or before the expiration of their leases (Nov. 30, 1950), that legal proceedings would be brought to evict them. There is no mention of discrimination in that letter; no reason is assigned for the refusal to renew the leases. Of course, there was no provision in the leases even referring to the subject of negroes, and although the entity, Federal Housing Administration, is freely, disconnectedly and improperly used in the complaint, the leased premises are a purely private enterprise. The complaint does not even suggest Government subsidy or other financial interest. There is absolutely no factual basis for the statement that defendant has declined to renew the leases for the reasons assigned by plaintiffs. The complaint fails to state any cause of action at all. The motion to dismiss is granted, with costs and $10 motion costs.