Marcus G. Christ, J.
In this action the plaintiffs seek a declaratory judgment invalidating certain amendments to the Building Zone Ordinance of the Village of Sands Point. The defendants have moved pursuant to rule 106 of the Rules of Civil Practice to dismiss the amended complaint upon the ground that each of the four causes of action are insufficient in that they fail to set forth facts sufficient to constitute a cause of action. For purposes of this motion the allegations of fact set forth in the complaint are assumed to be true (Locke v. Pembroke, 280 N. Y. 430; Hart v. Hart, 274 App. Div. 836). The facts stated in the complaint and essential to a determination of this motion are hereafter summarized.
Since April 25, 1951 the plaintiffs have owned a tract of land comprising approximately 127 acres in the village of Sands Point. This property was purchased for purposes of subdivision into one-acre residential building plots, as permitted by the zoning regulations in force at the time of such acquisition, and resale. From 1932 until May, 1954 the Building Zone Ordinance divided land in the village into two building zones, namely, residence districts and business districts. The 127 acres belonging to the plaintiffs were situated in a residence district. In such district single family detached dwellings with the minimum lot area of one acre were permitted. By a resolution adopted by the Board of Trustees of the village on April 27, 1954 the Building Zone Ordinance was amended so as to divide the village into two classes of residential districts, namely, Residence A and Residence B districts. This amendment, after publication, became effective during the month of May, 1954. As a result of this amendment, the land of the plaintiffs was placed in a Residence A District and under the terms of the Building Zone Ordinance, as so amended, the erection of a single family residence on a plot of ground having less than two acres was prohibited.
During the months of January and February, 1954 the plaintiffs engaged in negotiations with Old Westbury Pines, Inc., for the sale to the latter corporation of the 127-acre tract. In the process of these negotiations, both parties incurred expenses *95 and obligations for the preparations of tentative plans for subdividing- the land into one-acre plots, for appraisals, for mortgage commitments, etc. The negotiations ripened into a contract executed by the parties on March 8, 1954 by the terms of which the property was to be sold for a price of $319,250 of which $20,000 was paid by the purchaser at the time of executing the contract. On March 5, 1954, three days before the making of this contract, notice was given by publication in a local newspaper of a special meeting of the Board of Trustees to be held on March 22, 1954 for the purpose of considering the amendment to the Building Zone Ordinance already mentioned, the purpose of which was to create a new residential district requiring a minimum area of two acres per plot for residential purposes and which new residential district would include the property owned by the plaintiffs. This published notice did not come to the attention of the plaintiffs or Old Westbury Pines, Inc., until after March 8, 1954 the date on which the contract of sale was signed. The plaintiffs appeared by their attorney at the meeting of the Board of Trustees on March 22, 1954 at which time the board was informed by such attorney of the contract of sale, of the purchaser’s intention to subdivide the land into building plots having an area of one acre per family and of the incurring of expenses by both parties to the contract. The Board of Trustees was requested to leave plaintiffs’ property out of the area affected by the proposed amendment to the Building Zone Ordinance. This request was refused by the board and thereafter, as earlier noted, the board adopted the amendment on April 27, 1954. As a result of the adoption of the amendment to the Building Zone Ordinance, Old Westbury Pines, Inc., disaffirmed the contract of sale.
Because certain other action taken by the Board of Trustees with respect to the Building Zone Ordinance is questioned by the plaintiffs in this action, it is necessary to refer briefly to additional facts set forth in the complaint. On November 17, 1952 the Board of Trustees unanimously adopted an ordinance entitled “ An Ordinance amending the Village of Sands Point Building Zone Ordinance of 1932 relating to the regulation of the business of the erection and construction of dwellings and providing for temporary and conditional permits for the conduct of such business ”. The principal changes brought about by this amendatory ordinance, so far as pertinent to this litigation, were the addition of the new subdivision numbered 2A to section 602 of article VI of the Building Zone Ordinance and the addition of a new paragraph to subdivision 7 of section *96 602 of the same article. In substance, the new subdivision 2A empowered the Board of Appeals to permit in a residence district a temporary and conditional use of a plot or tract of land for the business or occupation of construction and sale of dwellings and the buildings and structures accessory thereto and to provide, in connection with said permit, regulations for the conduct of such business and conditions under which construction and sale of dwellings should be permitted on the plot or tract for which said permit is issued.
By a resolution of the Board of Trustees adopted on January 26,1954 further amended subdivision 7 of section 602 by authorizing the Board of Appeals in considering any application made under subdivision 2A to give consideration to the exterior treatment of the dwelling or dwellings for which application for a permit was made. This amendment provided that the same or similar exterior treatment of the dwelling shall not be repeated for any other dwelling within 900 feet thereof on the same street nor shall the same or similar exterior treatment of the dwelling be repeated on any corner plots or intersecting streets.
In the first cause of action plaintiffs seek a judgment declaring the Building Zone Ordinance, as amended and insofar as it restricts the minimum plot area on plaintiffs’ land to two acres, to be ineffective, unreasonable, unconstitutional and void. It is the contention of the plaintiffs that their property is differently situated than and possesses peculiar characteristics not common to other property in the village. In support of this claim, the plaintiffs allege facts as to the character of the surrounding neighborhood in the vicinity of their property. These are that their property is situated on a main highway on the perimeter of the village in its southeasterly corner; that adjacent to their property on the south is a recreational center used by guests of and persons having business with a large business concern; that opposite their property and within the unincorporated area of the town of North Hempstead, land is developed with small single family residences on plots having a maximum area of 7,500 square feet; that further south on the opposite side of the highway abutting the property of the plaintiffs the land is improved with a multiple low-cost housing project. It is thus clear that in this first cause of action sufficient facts are alleged to question the validity of the Building Zone Ordinance as amended since the question of validity will turn in large measure on whether the plaintiffs’ property is so situated, in the light of the character of the surrounding neighborhood, *97 that the up-zoning is confiscatory and unreasonable and operates to deprive the plaintiffs of their property without due process of law. The facts as alleged in the first cause of action properly raise a question as to whether the amendment bears a substantial relation to the public health, safety and morals and serves or promotes any of the purposes of the statute which permits a village to adopt a zoning ordinance and amendments thereto. In the court’s opinion the plaintiffs have stated a cause of action.
The second cause of action incorporates by reference all of the allegations of the first and adds thereto the facts heretofore summarized concerning the negotiations for the sale of the property, the making of the contract of sale, the appearance at the public hearing on the proposed amendment and the refusal of the Board of Trustees to exclude from the affected area the 127 acres owned by the plaintiffs. It is the claim of the plaintiffs in their second cause of action that the adoption of the amendment with knowledge of the contract of sale and the expenses incurred by both parties to the contract in connection therewith was an illegal, unreasonable, arbitrary and abusive exercise of their power to amend the Building Zone Ordinance operating to deprive the plaintiffs of their property and contract rights without due process of law. All that this cause of action adds to the facts alleged in the first cause of action is a claim that by reason of the adoption of the amendment plaintiffs have suffered a depreciation in value of their property because of the restrictions placed on its use. Assuming as we must on this motion, that this was the effect of the amendment to the Building Zone Ordinance, it is not enough to render the ordinance void (Matter of Wulfsohn v. Burden, 241 N. Y. 288; Shepard v. Village of Skaneateles, 300 N. Y. 115). It is not claimed that there have been any permits issued for the erection of any building. No vested right to proceed under the ordinance as it stood prior to the amendment came to the plaintiffs by reason of their studies and contemplated use of the land. If the ordinance as amended is valid in all other respects, it would not be rendered ineffectual because the plaintiffs were planning certain uses permissible under the ordinance prior to its amendment. It is the court’s conclusion that the second cause of action is insufficient and should be dismissed.
In the third cause of action the plaintiffs seek a judgment declaring that the amendments to the Building Zone Ordinance enacted on November 17, 1952 and on January 26, 1954 are unconstitutional and void. These amendments, as previously noted, refer respectively to the power conferred upon the Board *98 of Appeals to grant permits to engage in the business of building houses for resale. The claim of unconstitutionality and invalidity rests upon allegations that no such power as is attempted to be conferred upon the Board of Appeals flows from the Village Law, and that the action taken by the Board of Trustees goes beyond the power granted to it by the enabling statute. The source of the village board’s power to legislate on matters of zoning is found in section 175 of the Village Law. Its power in this field is statutory and does not exceed the limits prescribed by the enabling statute. Nowhere within the confines of such statute does the village board appear to have been authorized to license persons or corporations for the purpose of engaging in the building business or to delegate such a power to the Board of Appeals. The Board of Trustees is empowered by ordinance to regulate the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes. But there does not appear to have been granted to the village board the power to say who may build a particular structure.
The third cause of action alleges that the attempted delegation of power to the Board of Appeals is beyond the power of the village and not a valid exercise by the Board of Appeals or of the village of the police powers vested in them and does not serve to promote the public health, safety or welfare of the community. In the court’s opinion the plaintiffs have stated a good cause of action and the motion to dismiss the third cause of action is therefore denied.
In the fourth cause of action the plaintiffs allege that the amendment to the zoning ordinance adopted April 27, 1954 is without force and effect because of the failure of the village to comply with certain procedural requirements in the enactment of such amendment. It is asserted that although the amendment to the Building Zone Ordinance provided that the building zone map of the village was amended so as to place the property of the plaintiff in a Residence A District, in fact the building-zone map was not so amended nor was a copy of the ordinance as amended or copy of the amended map posted conspicuously as required by law nor were there filed with the village clerk affidavits of the posting- of such ordinance and map as amended nor was the building- zone map as amended entered in the minutes of the Board of Trustees. It is further alleged that because of the failure of the Board of Trustees to prepare an *99 amended map and post a copy as provided by section 178 of the Village Law the amendment to the village ordinance is not in force and effect. In claiming that this cause of action is insufficient the defendant relies upon a curative statute, namely chapter 556 of the Laws of 1955. This statute, in substance, validates zoning ordinances adopted pursuant to article 6-a of the Village Law even though there has been a failure to post or publish the same or the map adopted in connection therewith. It is to be noted, however, that the allegations of the complaint here go beyond the question of posting and publication. It is also alleged that the Board of Trustees failed to prepare an amended map. This does not appear to be covered by the curative statute. The court is of the opinion that the fourth cause of action is sufficient and the motion to dismiss is accordingly denied.
Settle order on notice.