Alexander Del Giorno, J.
This is a motion for an order dismissing the claim upon the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.
The claim sets forth four separate causes of action. The first is in libel. It is alleged that claimant is a District of Columbia nonprofit membership corporation; that on February 5, 1960, counsel for claimant submitted a copy of its certificate of incorporation to the Secretary of State of the State of New York (Mrs. Caroline K. Simon) for filing; that on February 8, 1960, oral demand was made upon the Secretary of State for filing, which demand was refused; that on February 10, 1960, claimant commenced a proceeding under article 78 of the Civil Practice Act, to require the Secretary to file the certificate; that upon information and belief, on or about February 12, 1960, the Secretary of State issued a false, defamatory, and libelous press release as follows: “ Section 211 (2) of the New York State General Corporation Law and Section 10 of the Membership Corporations Law is expressly intended to deny the right and the privilege of doing business in the State of New York to any hate-group corporation. The Law of our State is not intended to aid or to abet anti-Americanism under beguiling fronts. The name Association for the Preservation of Freedom of Choice, Inc. could possibly serve to hide the fact that a District of Columbia corporation might actually be inclined to favor * * * an abomination referred to as apartheid.”
The claim alleges further that the said words were reprinted from the press release in newspapers and circulated in numerous newspapers in New York State and elsewhere. Paragraph 12 of the claim alleges that 1 ‘ the aforesaid press release was not, and was not intended to be, a ruling on claimant’s demand for filing, nor was any copy of said press release ever sent to *809 claimant or its counsel.” Paragraph 15 of the claim alleges that “ the aforesaid libelous words were neither relevant nor necessary to a rejection of claimant’s application for filing by Mrs. Simon, and on information and belief, Mrs. Simon did all of the above acts without believing that the aforesaid defamation was necessary to dispose of claimant’s application, but with intent to disparage claimant and draw favorable newspaper publicity on herself, thereby advancing her political career.”
The second cause of action repeats and realleges all of the paragraphs of the first cause of action and alleges that the actions of the Secretary of State violated claimant’s rights under the Fourteenth Amendment, United States Constitution, and the New York State Constitution’s Bill of Rights; the allegation is made also that section 10 of the Membership Corporations Law and subdivision 2 of section 211 of the General Corporation Law are unconstitutional under the Federal and State Constitutions, on their face and as construed and applied, all of which Mrs. Simon knew or should have known.
The third cause of action repeats and realleges all of the allegations of the first and second causes of action, and alleges that claimant’s rights were violated under the Fourteenth Amendment, United States Constitution.
The fourth cause of action repeats and realleges all of the first and second causes of action, and alleges that claimant’s rights were violated under the New York State Constitution.
Considering at the outset the first cause of action herein, the court assumes as true for the purposes of this motion the alleged ultimate facts (Locke v. Pembroke, 280 N. Y. 430; Hart v. Hart, 274 App. Div. 836) and any reasonable inference that may be drawn therefrom. (Garvin v. Garvin, 306 N. Y. 118, 120; St. Regis Tribe v. State of New York, 5 N Y 2d 24, 36; Schwartz v. Heffernan, 304 N. Y. 474, 482.)
Subdivision 2 of section 9 of the Court of Claims Act provides that the Court of Claims shall have jurisdiction to hear and determine a claim of any person, corporation or municipality against the State of New York for the torts of its officers or employees while acting as such officers or employees.
The issuance of the press release in question by the Secretary of State was not done by way of an official report by her, nor pursuant to any duty imposed upon her by her office. The claimant itself alleges that the press release was not and was not intended to be a ruling on the demand for the filing of the certificate, and that a copy thereof was not sent to claimant or its counsel. Claimant alleges also that the words contained on the release were neither relevant nor necessary to a rejection *810 of claimant’s application fox the filing of the certificate; upon information and belief, claimant alleges that the Secretary of State did not believe that the issuance of the release was necessary in order to dispose of claimant’s application.
In the case of Goodyear Aluminum Prods. v. State of New York (12 A D 2d 692), one claim sought to recover damages for alleged slanderous remarks made by an Assistant Attorney-General of the State to a newspaper reporter concerning claimant; the second claim alleged the remarks to be libelous because the same Assistant Attorney-General caused or instigated their publication in a newspaper. In the midst of preliminary proceedings involving an examination of claimant’s books, the assistant is alleged to have made the statements, which for the purposes of the motion the court assumed to be defamatory. The State claimed that the Assistant Attorney-General enjoys absolute privilege rendering him and hence the State immune from suit for damages for a statement made within the scope of his official duties. The court held (p. 693): “ The Court of Claims has held, we think correctly, that the words allegedly uttered by the Assistant Attorney-General were not uttered within the scope of his official duties. They were not uttered in court or addressed to any audience which could do anything about the matter. It is not alleged that the words were in the nature of an official report, or uttered pursuant to any duty of office, or that they were addressed to anyone empowered to receive them or act upon them. Hence the doctrine of absolute privilege or immunity does not apply. (Cheatum v. Wehle, 5 N Y 2d 585.) However, these actions are against the State, and the moment we conclude that it appears from the claims that the Assistant Attorney-General was not acting within the scope of his official duties, it follows that the State is not liable for his tort, and the Court of Claims is without jurisdiction. The State is not liable for the personal torts of its officers and employees committed outside of or beyond their official duties.”
It is the conclusion of the court that the Secretary of State was not acting within the scope of her official duties in the issuance of the press release, and that the State is not liable for her alleged tort. The Court of Claims therefore is without jurisdiction herein.
In view of the fact that the second, third and fourth causes of action are predicated upon the same facts alleged in the first cause of action, this court does not have jurisdiction thereof. Accordingly, this court has no jurisdiction of the entire claim. (See Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79.) The motion is granted and the claim is dismissed.