■ ROBERT V. RAFTER, Respondent, v. NEWARK INSURANCE COMPANY, Appellant.— Order of the Appellate Term, First Department, entered on December 18, 1970, reversed on the law, without costs and without disbursements, and the order of the Civil Court, New York County, entered on June 10, 1970, granting appellant's motion to dismiss the complaint on the ground of *forum non conveniens* is reinstated without prejudice to any appropriate action or proceeding plaintiff may be advised to institute in any other jurisdiction. We are in accord with the dissenting opinion of Mr. Justice Quinn. The plaintiff failed to offer any factual support concerning his New York residence other than the bald conclusory statement in the complaint. The burden was on the plaintiff to meet the challenge as to his New York residence with factual allegations; he may not rely on conclusory statements contained in his pleadings, whether verified or unverified. (*Indig* v. *Finkelstein*, 23 N Y 2d 728, 729; *Aetna Ins. Co.* v. *Allstate Ins. Co.*, 33 A D 2d 551. Concur— Stevens, P. J., McNally and Steuer, JJ.; McGivern and Kupferman, JJ., dissent in the following memorandum by McGivern, J.: I would affirm. The decision of Appellate Term should not be overturned for adhering to CPLR 3211 (subd. [c]), permitting that tribunal of the Supreme Court to treat the motion as one for summary judgment and remitting the matter for a hearing on the issue of residence. The complaint was adequate; the plaintiff, a New York attorney, appearing *pro se,* admitted to practice in this State and in the southern district, stated he was a resident of New York, and for aught that appears on this appeal, with the answer not before us, he was indisputably a resident of New York. And if he was a resident of New York at the commencement of the action, and that is what the complaint alleges, "there was no discretion in Special Term to dismiss the action for *forum non conveniens.*" (*Burk* v. *Sackville-Pickard,* 29 A D 2d 515.) *Ab initio,* that is all that is necessary for jurisdiction to lie, and the defendant's motion to dismiss, pursuant to CPLR 3211 did not legally challenge his residence or compel him to demonstrate it. Indeed, the defendant's papers do not challenge it, contrary to the majority's conclusion. True, an opposing attorney's affidavit denies it " on information and belief ", but there is no evidence to support this soft impeachment. As such, being devoid of evidentiary facts, or even the source of information, this affidavit is utterly worthless and is not an acceptable challenge to an allegation of residency in the complaint. (*Leefe* v. *Public Serv. Mut. Ins. Co.,* 14 A D 2d 951; *Farragut Gardens* v. *Milrot,* 23 A D 2d 889.) Moreover, as this court has said " On the complaint alone, the plaintiff has an absolute right to maintain the action on jurisdiction grounds." (*Wagner* v. *Braunsberg* (5 A D 2d 564, 569.) Indeed, it is rudimentary that with the answer not before us, "we are bound to take the allegations as facts ". (*Locke* v. *Pembroke,* 280 N. Y. 430, 432.) The majority herein but repeat the error of the Civil Court when they dismiss the complaint solely on the ground of *forum non conveniens,* the main ground of the initial motion by defendant, and the only one warranting consideration on this appeal. This doctrine can have no relevance at all when a plaintiff is a resident of New York. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152.) The Appellate Term recognized this error as a matter of law, including Mr. Justice QUINN, with whose opinion the majority professes to be in complete accord. When-

ever the alleged New York residence of a plaintiff is legally undisputed, and that is the case here, the doctrine of *forum non conveniens* is inapplicable. (*Parente v. Kisner,* 34 A D 2d 244.) Lastly, the cases cited by the majority give no support to their disposition. Both cases involved motions pursuant to CPLR 3212. The issue before us does not turn on that section. The *Indig* case (23 N Y 2d 728) involved an outright motion for summary judgment pertaining to slander. The *Aetna* case (33 A D 2d 551) also rested on summary judgment as applied to an automobile liability insurance policy. The simple and basic question before this court is " residence," alleged in a complaint by a New York attorney, appearing *pro se,* undisputed either by answer or by any contrary evidence, and the right of the Supreme Court to invoke CPLR 3211 (subd. [c]) in order to attain more information on that issue. In so doing, the Appellate Term had every right to direct a hearing (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.51); and thus, there is no cause to disaffirm.